PADGETT, J. ROGERS, Associate Judge.
This appeal is from the summary denial of a motion seeking post-conviction relief under Florida Rule of Criminal Procedure 3.850. Appellant raised five points in his motion. In point 2, he alleged that his conviction and sentence for the lesser included offense of possession of illegal drugs as well as his conviction and sentence for the greater offense of trafficking in illegal drugs violates the double jeopardy clause. In point 4, appellant asserted he was denied effective assistance of counsel because of defense counsel’s failure to correctly advise him of the lesser included offenses of trafficking in illegal drugs during plea negotiations. These allegations, if true, might entitle appellant to relief. The trial court, however, failed to conduct an evidentiary hearing or to attach portions of the record which conclusively refute appellant’s position concerning these two points.
Accordingly, we reverse in part the trial court’s denial of appellant’s motion and remand the case to the trial court. On remand, the trial court may either again summarily deny the motion as to the second and fourth allegations and attach to its order those portions of the record which conclusively show that appellant is entitled to no relief, or hold an evidentiary hearing and then rule on the allegations raised in points 2 and 4 of appellant’s motion. See Fla.R. Crim.P. 3.850. See also Halpin v. State, 428 So.2d 703 (Fla. 2d DCA 1983); Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982); Van Bever v. State, 405 So.2d 474 (Fla. 5th DCA 1981).
To obtain further review in this cause, the party aggrieved by the trial court’s subsequent ruling must appeal anew.
The trial court was correct in denying appellant’s motion as to the other points raised therein. Affirmed in part, reversed in part, and remanded with instructions.
HOBSON, A.C.J., and RYDER, J., concur.