563 So.2d 707 (1990)
John Michael FERENC, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1951.
District Court of Appeal of Florida, First District.
April 12, 1990.
Rehearing Denied July 30, 1990.
John Michael Ferenc, pro se.
No Appearance for appellee.
SHIVERS, Chief Judge.
Appellant, John Michael Ferenc, appeals the trial court's summary denial of his motion for correction, reduction, or modification of sentence. We affirm for the reasons set out below.
The record on appeal indicates that appellant was convicted in August 1983 of attempted armed burglary, carrying a concealed firearm, and possession of burglary tools, all alleged to have occurred during an attempt to burglarize a house in Pensacola on March 2, 1983. Appellant was then sentenced to consecutive terms of 15, 5, and 5 years. His conviction on all three counts was affirmed by this court in Ferenc v. State, 455 So.2d 432 (Fla. 1st DCA 1984). In November 1986, appellant filed a motion for post-conviction relief pursuant to Rule 3.850, Fla.R.Crim.P., raising five grounds. The trial court summarily denied the petition, and this court affirmed the denial in Ferenc v. State, 515 So.2d 751 (Fla. 1st DCA 1987).
In February 1989, appellant filed the instant motion for correction, reduction, or modification of sentence, pursuant to Rule 3.800, Fla.R.Crim.P., alleging that his conviction and sentence for all three offenses violated the prohibition against double jeopardy, and asking the trial court to correct his illegal sentence by reducing it from 25 to 15 years for the attempted armed burglary count only. The trial court summarily denied this motion as well, without stating its reason for so doing.
Although double jeopardy arguments are frequently raised as challenges to both conviction and sentence, the crux of such an argument is that the defendant should not have been convicted of multiple offenses arising out of a single incident. See Carawan v. State, 515 So.2d 161 (Fla. 1987). Therefore, a double jeopardy argument constitutes a challenge of a conviction, rather than a sentence. Since Rule 3.800 *708 provides only an avenue for correcting, modifying, or reducing a sentence, appellant's post-conviction challenge to his conviction would have had to be raised via Rule 3.850, which allows a defendant to attack either sentence or conviction.
As appellant's conviction was affirmed by this court in 1984, a Rule 3.850 motion for post-conviction relief raising the double jeopardy issue would now be untimely. See Rule 3.850, providing that a defendant whose judgment and sentence become final prior to January 1, 1985 has until January 1, 1987 to file a motion for post-conviction relief. In any event, the supreme court has recently held that the holding in Carawan v. State constituted an evolutionary refinement of decisional law rather than a fundamental change in law and, as such, may not be given retroactive application under Rule 3.850. State v. Glenn, 558 So.2d 4 (Fla. 1990).
Accordingly, the trial court's summary denial of appellant's motion for correction, reduction, or modification of sentence is hereby AFFIRMED.
ERVIN and NIMMONS, JJ., concur.