567 So.2d 1051 (1990)
STATE of Florida, Appellant,
v.
Ronald Edward SPELLA, Appellee.
No. 89-2166.
District Court of Appeal of Florida, Fifth District.
October 11, 1990.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellant.
Robert L. Doyel, Bartow, for appellee.
GRIFFIN, Judge.
The state has appealed an order correcting an allegedly illegal sentence. We reverse.
This case arose out of a shooting incident at a shopping mall in Melbourne, Florida that occurred on November 22, 1986. Defendant apparently confronted his estranged wife in the mall where she worked, pulled a gun, and shot her in the stomach. *1052 She fled into a nearby store, closely pursued by appellee, who fired a number of additional shots. The defendant was then confronted by an off-duty police officer who was working as a security guard at one of the stores. Defendant shot the guard three times before the guard shot back, injuring the defendant. In a six count second amended information defendant was charged as follows:
Count I Attempted first degree murder of Jane Spella
Count II Attempted second degree murder of Robin Romano
Count III Battery upon a law enforcement officer
Count IV Unlawfully shooting into a public building
Count V Use of a firearm in the commission of a felony (attempted murder and/or shooting into a building and/or battery of a law enforcement officer)
Count VI Aggravated assault
Pursuant to a negotiated plea, defendant pled guilty as follows:
Count I Attempted second degree murder of Jane Spella with a firearm
Count II Attempted second degree murder of Robin Romano with a firearm
Count V Possession of a firearm in the commission of a felony
The plea agreement provided for a maximum term of incarceration the court could impose, followed by a term of probation to be determined by the court. The court sentenced the defendant to fifteen years on both Counts I and II, to be served concurrently, ten years to be served in the department of corrections and the remaining five years to be served on probation. A three-year minimum mandatory sentence for use of firearm during the commission of a felony was applied to Count I, but was not applied to Count II. Defendant was also sentenced on Count V to a period of 15 years probation to run consecutive to the sentences in Counts I and II. Defendant did not appeal either the judgment or the sentence.
On July 5, 1989, defendant filed his "Motion to Correct Illegal Sentence" pursuant to rule 3.800 of the Florida Rules of Criminal Procedure. He argued that it was illegal to sentence him on Count V (use of a firearm during the commission of a felony) since possession of a firearm was an essential element of the charge of attempted second degree murder with a firearm. Defendant also argued that had his sentencing scoresheet been calculated without the 16 points assessed on Count V, the recommended guidelines sentence would have ranged from three to seven years. At a hearing on the motion to correct the sentence held October 3, 1989, the trial court accepted defendant's argument that separate convictions on Counts I, II and V subjected defendant to double jeopardy and vacated the sentence as to Count V.
The threshold problem is that a double jeopardy claim like the one in this case is, in fact, a challenge to the conviction, not the sentence, and thus is not cognizable under rule 3.800. Ferenc v. State, 563 So.2d 707 (Fla. 1st DCA 1990). Even if this motion were properly brought in compliance with the requirements of Florida Rule of Criminal Procedure 3.850, the state correctly argues that, independent of the two attempted second degree murder convictions, the conviction for possession of a weapon in the commission of a felony could stand based on violation of section 790.19, Florida Statutes (1985). This conclusion is supported by the defendant's guilty plea and his own admission that he shot in the air and was spraying gunfire at random.
Finally, we agree with the state that, even if the defendant were to prevail on the double jeopardy argument, thus invalidating his conviction on Count V, the state would clearly be entitled to have the entire plea agreement set aside. State v. Viele, 559 So.2d 1304 (Fla. 4th DCA 1990); Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981).
REVERSED and REMANDED.
DAUKSCH and COBB, JJ., concur.