586 So.2d 454 (1991)
Charles M. PLOWMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-02493.
District Court of Appeal of Florida, Second District.
September 18, 1991.
*455 PER CURIAM.
Charles M. Plowman appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. We affirm this case without prejudice to Plowman to seek relief pursuant to Florida Rule of Criminal Procedure 3.850.
In his motion, Plowman alleges that his convictions and sentences for three counts of possession of firearms by a convicted felon, in violation of section 790.23, Florida Statutes (1987), run afoul of the prohibition against double jeopardy because all three counts stemmed from the same act. In support of his claim, Plowman relies on Watts v. State, 462 So.2d 813 (Fla. 1985), in which the supreme court held that a defendant could not be subjected to multiple convictions and punishments for possession of two prison-made knives where the statute under which he was prosecuted made it unlawful "to introduce into or upon the grounds of any state correctional institution ... any firearm or weapon of any kind... ." § 944.47, Fla. Stat. (1981). The court, relying on decisions from the federal courts, reasoned "that the term `any firearm' is ambiguous with respect to the unit of prosecution and must be treated as a single offense with multiple convictions and punishments being precluded." 462 So.2d at 814 (citations omitted). Plowman contends that because section 790.23(1) makes it unlawful for a convicted felon to possess "any firearm or electric weapon or device or to carry a concealed weapon, including all tear gas guns and chemical weapons or devices," he cannot be convicted and sentenced for three counts of a violation of the statute arising out of the same act for simultaneously possessing three illegal weapons.
This allegation is facially sufficient to require an evidentiary hearing or attachments of portions of the record which conclusively refute Plowman's contention. See McKinstry v. State, 437 So.2d 165 (Fla. 2d DCA 1983). The trial court did neither in this case. Rather, the trial court based its summary denial on the fact that Plowman's direct appeal, which resulted in an affirmance, had become law of the case. Our review of our own court records reveals that this issue was not raised or addressed in Plowman's direct appeal.
Generally, postconviction relief will not be granted on grounds that "could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence." Fla.R.Crim.P. 3.850. The supreme court has held, however, that because the right not to be twice placed in jeopardy is "fundamental," double jeopardy violations may be raised for the first time in a postconviction proceeding, even where that conviction is the result of a guilty plea, except where a knowing waiver of the right has occurred. State v. Johnson, 483 So.2d 420, 422 (Fla. 1986). The court rejected the state's argument that Johnson had waived his right to raise the double jeopardy violation by not raising it at the time he was tried on the charges. Id. See also Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981) (double jeopardy claim entertained even though not raised until federal habeas corpus proceedings filed at conclusion of all appeals). Just as a prisoner does not waive a double jeopardy violation for failing to raise the issue at trial, we hold that a prisoner does not waive a double jeopardy violation for failing to raise the issue on direct appeal from the judgment and sentence.
Although we hold that this claim may be raised for the first time on a motion for postconviction relief, we, nevertheless, *456 affirm the trial court's summary denial of Plowman's rule 3.800 motion. The relief sought via that motion is the correction of an illegal sentence. Plowman, on the other hand, seeks to vacate the convictions and sentences on two counts of felonious possession of firearms. This relief is properly sought through a rule 3.850 motion to vacate, set aside or correct the judgment or sentence. See Ferenc v. State, 563 So.2d 707 (Fla. 1st DCA 1990). Thus, our affirmance of the summary denial of Plowman's rule 3.800 motion is without prejudice to Plowman raising this issue on a rule 3.850 motion. We note that he has such a motion pending in the trial court in which he has raised this double jeopardy violation. The trial court should entertain this allegation in that pending motion.
PARKER and PATTERSON, JJ., concur.
CAMPBELL, A.C.J., concurring in result only.
CAMPBELL, Acting Chief Judge, concurring in result only.
I agree with the affirmance of the denial of appellant's motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. I do not consider it appropriate without the entire record of proceedings before us to comment on or allude to the possible merit, or lack thereof, of appellant's 3.850 motion that is presently pending in the trial court.