PER CURIAM.
Calvin Bush appeals his convictions and sentence made pursuant to a negotiated plea bargain. We affirm the convictions and sentence, but remand for correction of errors in the guidelines scoresheet and recorded judgment.
On December 12, 1990, in case number 90-46248, appellant was charged with the following counts: (I) unlawful possession of a firearm by a convicted felon; (II) resisting a police officer without violence to his person; (III) tampering with witness; and (IV) aggravated assault. On that same date, in case number 90-46249, he was charged by a two count information with: (I) burglary of an unoccupied dwelling; and (II) grand theft third-degree. On January 1, 1991, in case number 90-48880, appellant was charged with: (I) burglary of an unoccupied dwelling; and (II) grand theft third degree.
A jury trial was held in case number 90-46248. The jury found Bush guilty of Counts II and IV. After a properly negotiated plea bargain, Bush pleaded guilty to all charges in the other two cases, and was sentenced to a total of nine years imprisonment, three years minimum mandatory, with entry of sentence as to Count II in case number 90-46248 suspended.
First, appellant claims that the trial court erred in determining that he was subject to a minimum mandatory three year sentence. Section 775.087(2)(a), Florida Statutes (1989) provides:
Any person who is convicted of:
1. Any murder, sexual battery, robbery, burglary, arson, aggravated assault, ... and who had in his possession a “firearm,” as defined in s. 790.001(6), or “destructive device,” as defined in s. 790.-001(4), shall be sentenced to a minimum term of imprisonment of 3 calendar years.
Appellant argues that it is unclear whether his aggravated assault conviction arose under section 784.021(l)(a) (1989), assault with a deadly weapon without intent to kill, or section 784.021(l)(b), assault with an intent to commit a felony. Appellant argues that the three year minimum mandatory applies only to section 784.021(l)(a), and because the jury failed to make any specific findings regarding whether appellant had a firearm in his possession, it was error to order the three years minimum mandatory sentence.
Second, appellant claims that the trial court erred in sentencing him as a habitual offender. See § 775.084(l)(a)l., Florida Statutes (1989). The scoresheet upon which the negotiated plea was based reflects seven prior convictions. However, these convictions were all entered on the same date, for burglary of seven mini warehouses located on the same premises, and accordingly, the scoresheet should have reflected a single prior conviction. See Shead v. State, 367 So.2d 264, 266 (Fla. 3d DCA 1979) (two or more prior convictions, entered on the same day, are treated as one offense when sentencing under the habitual offender statute); see also Collazo v. State, 573 So.2d 209 (Fla. 3d DCA 1991) (convictions entered on the same date, arising from the same criminal episode, are treated as a single offense); Walker v. State, 567 So.2d 546 (Fla. 2d DCA 1990); Taylor v. State, 558 So.2d 1092 (Fla. 5th DCA 1990); Lawley v. State, 556 So.2d 430 (Fla. 1st DCA 1989).
*513 Because a plea bargain may serve as a clear and convincing reason for a departure sentence, when the departure reason was accepted as an integral part of the bargain itself, Smith v. State, 530 So.2d 304, 305 (Fla.1988); Quarterman v. State, 527 So.2d 1380, 1382 (Fla.1988); Thornburg v. State, 591 So.2d 1121 (Fla. 1st DCA 1992), the sentence as imposed was proper notwithstanding appellant’s present objections. The trial judge properly noted in writing that this was a “negotiated upward departure” based upon a plea bargain as to the three cases. See Ree v. State, 565 So.2d 1329, 1331 (Fla.1990), modified on other grounds, State v. Lyles, 576 So.2d 706 (Fla.1991); see also § 921.-001(6), Fla.Stat. (1989); Fla.R.Crim.P. 3.701(b)(6), (d)(11).
After examination of the record, we are convinced that the trial court did not sentence appellant as a habitual offender, and would have properly imposed the same sentence notwithstanding the scoresheet error described herein. Rowe v. State, 523 So.2d 620, 621 (Fla. 2d DCA 1988); Jacobs v. State, 522 So.2d 540, 541 (Fla. 3d DCA), review denied, 531 So.2d 1353 (Fla.1988). Nevertheless, on remand, the trial court should direct the preparation of a new guidelines scoresheet. See Cuthbert v. State, 459 So.2d 1098, 1101 (Fla. 1st DCA 1984), review denied, 467 So.2d 1000 (Fla.1985).
Finally, our review of the record has disclosed an inadvertent error in the recorded judgment requiring correction. The judgment erroneously reflects a suspended conviction for the unlawful possession of a firearm by a convicted felon, when, in fact, Bush’s jury conviction was for resisting a police officer without violence to his person. On remand, this error should also be corrected by the trial court. Id. at 1100-01.
Accordingly, we affirm the convictions and the sentence imposed, but remand to the trial court to prepare a new guidelines scoresheet and enter a corrected adjudication as to Count II.
Affirmed in part, vacated in part, and remanded.