644 So.2d 174 (1994)
Ronald C. WHITE, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-1912.
District Court of Appeal of Florida, Third District.
October 26, 1994.
Rehearing Denied November 16, 1994.
*175 Ronald C. White, in pro. per.
Robert A. Butterworth, Atty. Gen., and Richard A. Polin, Asst. Atty. Gen., for appellee.
Before BASKIN, JORGENSON, and GERSTEN, JJ.
PER CURIAM.
Ronald C. White appeals from an order denying his motion to correct an illegal sentence. Based on the State's partial confession of error, we reverse in part, affirm in part, and remand for further proceedings.
Pursuant to a negotiated plea of nolo contendere, defendant was sentenced to fifty years imprisonment on count two, conspiracy to commit first degree murder. As the State correctly concedes, that offense is a felony of the first degree; punishment for a felony of the first degree may not exceed thirty years imprisonment. Accordingly, we reverse as to that sentence only, and remand for the correction of the sentence on count two.
We affirm the remaining sentences, as the unlawful sentence on count two does not impact upon the remaining legal sentences. See Davis v. Wainwright, 408 So.2d 824 (Fla. 3d DCA 1982) (improper mitigation of sentence as to one count did not taint sentences as to other counts). The remaining sentences were lawfully entered pursuant to the plea agreement. See Quarterman v. State, 527 So.2d 1380 (Fla. 1988) (plea bargain sufficient basis for departure sentence); Bush v. State, 596 So.2d 511 (Fla. 3d DCA), rev. denied, 604 So.2d 486 (Fla. 1992) (same).
Finally, the trial court properly rejected defendant's claim that his conviction and sentences violated his right to be free from double jeopardy. Those claims should have been raised in defendant's two prior motions for postconviction relief under Fla. R.Crim.P. 3.850, not in a motion to correct an illegal sentence. See Plowman v. State, 586 So.2d 454 (Fla.2d DCA 1991) (double jeopardy claim cannot be raised in motion to correct illegal sentence). Moreover, by entering into a bargained-for plea agreement, defendant waived his right to attack his conviction and sentences on double jeopardy grounds. Novaton v. State, 634 So.2d 607 (Fla. 1994); Bryant v. State, 644 So.2d 513 (Fla. 5th DCA 1994).
Affirmed in part; reversed in part; remanded for correction as to the sentence on count two only.