675 So.2d 654 (1996)
Richard SALAZAR, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-292.
District Court of Appeal of Florida, Third District.
June 12, 1996.
Richard Salazar, in pro. per.
Robert A. Butterworth, Attorney General, for appellee.
Before NESBITT, LEVY and GERSTEN, JJ.
PER CURIAM.

On Motion for Rehearing
The appellant's motion for rehearing is granted. We withdraw our previous opinion dated April 3, 1996 and substitute the following:
We affirm the trial court's denial of Richard Salazar's motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800. Defendant contends that the plea upon which his convictions and sentences were based was for possession and sale of the same cocaine, thus violating double jeopardy. The double jeopardy argument Salazar advances in this case is a challenge to his convictions, not sentences, and thus is not cognizable under the rule regarding motions to correct illegal sentences. Wiley v. State, 604 So.2d 6 (Fla. 1st DCA 1992). Nevertheless, even if we construe the motion as one seeking post-conviction relief, pursuant to Florida Rule of Criminal Procedure 3.850, the defendant would still not be entitled to a remedy. The general rule is that a defendant who knowingly enters a plea *655 agreement concerning both the charges and sentences waives any double jeopardy objection. The exception to that rule, being inapplicable to the instant facts, need not be addressed herein. See Novaton v. State, 634 So.2d 607 (Fla.1994) (finding an exception to general rule when (a) the plea is a general plea as distinguished from a plea bargain; (b) the double jeopardy violation is apparent from the record; and (c) there is nothing in the record to indicate a waiver of the double jeopardy violation).
Accordingly, we affirm the order under review.