690 So.2d 1317 (1997)
STATE of Florida, Appellant,
v.
Tina Marie McDONALD, Appellee.
No. 96-01337.
District Court of Appeal of Florida, Second District.
February 19, 1997.
Rehearing Denied April 3, 1997.
Robert A. Butterworth, Attorney General, Tallahassee, and Deborah F. Hogge, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Amy Porinchak Thornhill, Assistant Public Defender, Bartow, for Appellee.
PARKER, Judge.
The State of Florida appeals the trial court's order granting Tina Marie McDonald's motion to dismiss an information charging her with grand theft. We affirm.
McDonald was employed by Burdines Department Store when she and a codefendant unlawfully obtained $360 worth of store merchandise by using a customer's credit card to purchase merchandise without the knowledge of the cardholder. The state first charged McDonald in county court with fraud by a person authorized to provide goods or services, a violation of section 817.62, Florida Statutes (1993).[1] Following a plea to the charge, the county court placed McDonald on six months' probation and ordered her to pay restitution. One week after the sentencing on the fraud case, the state charged McDonald with grand theft, a third-degree felony, in violation of 812.014(2)(c)(1), Florida Statutes (1993). The information alleged that:
[O]n the 10TH day of SEPTEMBER, 1994, in the County of Hillsborough and State of Florida, did unlawfully obtain or use, or endeavor to use certain property of another, to-wit: merchandise, the property of BURDINES, the value of said property being three hundred ($300.00) dollars or more, but less than twenty thousand ($20,000.00) dollars in money current in the United States of America; and in so doing the defendant intended either to permanently or temporarily deprive the said BURDINES of a right to the property or a benefit therefrom, or to appropriate the property to her own use or to the use of *1318 any person not entitled thereto, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.
McDonald moved to dismiss the information alleging that the state previously prosecuted her on the same facts and actions. Agreeing with McDonald, the trial court granted her motion to dismiss.
The issue on appeal is whether the state can charge McDonald with both grand theft pursuant to section 812.014, Florida Statutes (1993), and credit card fraud by a person authorized to provide goods and services pursuant to section 817.62, Florida Statutes (1993), without violating double jeopardy prohibitions. Section 775.021, Florida Statutes (1993), sets out the rules to be used by Florida courts to determine whether a defendant may be convicted of two separate offenses committed during one criminal episode. This section provides:
(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
We conclude that Justice Kogan was correct when he pointed out in his concurring opinion in Sirmons v. State, 634 So.2d 153 (Fla.1994), that this section is nothing more than "a reiteration of the Blockburger[2] rule." Sirmons, 634 So.2d at 154 (Kogan, J., concurring).
Section 775.021(4)(b) sets out certain exceptions to the rules listed under subsection (4)(a). Subsection (4)(b) provides:
The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
In analyzing the first exception in subsection 4(b), we focus on the statutory elements of the offense. The elements of grand theft are:
(1) knowingly
(a) obtaining or using the property of another, or
(b) endeavoring to obtain or to use the property of another
(2) with the intent to temporarily or permanently:
(a) deprive the other of a right to or benefit from the property, or
(b) appropriate the property to his own use or to the use of any person not entitled thereto.
(3) Grand theft, a felony of the third degree if the property stolen is valued at $300 or more, but less than $20,000.
See § 812.014, Fla. Stat. (1993).
Fraud by person authorized to provide goods or services contains the following elements:
(1) authorized to furnish goods, money, or services upon presentation of credit card
(2) intends to defraud issuer, acquirer, or cardholder
(3) furnishes goods, money, services
(4) knowing that the credit card is forged, expired, revoked
(5) penalties based on value of goods, money or service provided
(a) under $300.00, as provided in section 775.082 or 775.083

*1319 (b) over $300.00, as provided in section 775.082, 775.083, or 775.084.
See § 817.62, Fla. Stat. (1993).
If we apply a strict elements analysis, we would be compelled to reverse. However, based upon the reasoning in Thompson v. State, 585 So.2d 492 (Fla. 5th DCA 1991), adopted and approved, 607 So.2d 422 (Fla. 1992), we conclude that exception two to the Blockburger test, provided in section 775.021(4)(b)2, Florida Statutes (1993) is applicable in this case. When we analyze the description of the offenses in both statutes, it appears that illegally obtaining property through the use of a forged credit card and grand theft are degrees of the same offense.
In Thompson, the Fifth District Court held that the concurrent prosecution for fraudulent sale of counterfeit controlled substance, Chapter 817, Florida Statutes, and felony petit theft, under Chapter 812, Florida Statutes, was prohibited where charges arose from the same fraudulent sale. The court stated that "it appears that the specific statutory offenses of theft, such as those contained in Chapter 817, are different degrees (or more specific descriptions) of the general statutory offense of theft defined in Chapter 812." Id. at 494. The court noted:
All specific theft by fraud offenses are theoretically subsumed in the general Anti-Fencing Act, not in terms of comparing the essential elements of each offense, but in substance and by definition, since the Anti-Fencing Act broadly encompasses and proscribes these criminal frauds.
... The specific theft crimes have become "degrees" of the generally defined theft crime in Chapter 812.
Thompson, 585 So.2d at 494. The court further noted that "an act of criminal fraud should be prosecuted either under Florida's Anti-Fencing Act or under a more specific statute contained in Chapter 817."
The Fifth District, in Wolf v. State, 679 So.2d 351, 353 n. 1 (Fla. 5th DCA 1996), found that the convictions for both grand theft and felony fraudulent use of a credit card arising out of a single act could stand because the grand theft charge contained a monetary element which was not an element in the fraudulent use of a credit card charge. However, we conclude that Wolf is not applicable to this case because section 817.62, under which McDonald was charged, sets forth a monetary value. The first level corresponds to petit theft and the second level corresponds to grand theft.
We have not overlooked the fact that the supreme court recognized, in Fayerweather v. State, 332 So.2d 21 (Fla.1976), that multiple punishments are permitted for conduct arising from the same incident:
It is not unusual for a course of criminal conduct to violate laws that overlap yet vary in their penalties. Multiple sentences are even allowed for conduct arising from the same incident. See, e.g., Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958); Jenkins v. Wainwright, 322 So.2d 477 (Fla.1975); Estevez v. State, 313 So.2d 692 (Fla.1975), and Steele v. Mayo, 72 So.2d 386 (Fla.1954). Traditionally, the legislature has left to the prosecutor's discretion which violations to prosecute and hence which range of penalties to visit upon the offender.
Fayerweather, 332 So.2d at 22. See also Borges v. State, 415 So.2d 1265, 1267 (Fla. 1982) ("where the legislature has expressed its intent that separate punishments be imposed upon convictions of separate offenses arising out of one criminal episode, the Double Jeopardy Clause is no bar to such imposition").
We conclude that this case must be affirmed based upon the supreme court's approval of Thompson. As the supreme court recognized in Thompson, if the legislature continues to grant the exceptions listed in Chapter 775, Florida Statutes, which restrict the application of a strict Blockburger test, then we must enforce these exceptions when they apply.
Affirmed.
CAMPBELL, A.C.J., and DAKAN, STEPHEN L., Associate Judge, concur.
NOTES
[1] Section 817.62, Florida Statutes (1993) provides:

(1) ILLEGALLY OBTAINED OR ILLEGALLY POSSESSED CREDIT CARD; FORGED, REVOKED, OR EXPIRED CREDIT CARD.A person who is authorized by an acquirer to furnish money, goods, services, or anything else of value upon presentation of a credit card by the cardholder, or any agent or employee of such person, who, with intent to defraud the issuer, the acquirer, or the cardholder, furnishes money, goods, services, or anything else of value upon presentation of a credit card obtained or retained in violation of this part or a credit card which he knows is forged, expired, or revoked violates this subsection and is subject to the penalties set forth in s. 817.67(1), if the value of all money, goods, services, and other things of value furnished in violation of this subsection does not exceed $300 in any 6-month period. The violator is subject to the penalties set forth in s. 817.67(2) if such value does exceed $300 in any 6-month period.
[2] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), readopted by the supreme court in United States v. Dixon, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), overruling, Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).