760 So.2d 214 (2000)
Jerry L. ROSS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-100.
District Court of Appeal of Florida, Second District.
April 26, 2000.
Rehearing Denied June 9, 2000.
PER CURIAM.
Jerry L. Ross appeals the summary denial of his motion to correct an illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because Ross's sentence, which was computed under the sentencing guidelines and included points for both grand theft and fraudulent use of a credit card, is in contravention of section 775.021(4)(b)(2), Florida Statutes (1993), we must reverse.
According to the trial court's order denying relief, Ross's convictions for fraudulent use of a credit card, in violation of section 817.61, Florida Statutes (1991), and grand theft, in violation of section 812.014(2)(c)(1), Florida Statutes (1991), arose out a single transaction. Because section 817.61 contains a monetary element, this case is controlled by State v. McDonald, 690 So.2d 1317 (Fla. 2d DCA 1997), in which this court affirmed a trial court order dismissing a grand theft charge. In McDonald, the defendant was convicted of credit card fraud by a person authorized to provide goods or services, a violation of section 817.62, Florida Statutes (1993). Subsequent to this conviction, the State charged the defendant with grand theft, in violation of section 812.014(2)(c)(1), Florida Statutes (1993), based on the same actions that resulted in the first conviction. The defendant moved to dismiss this charge, and the motion was granted.
This court found in McDonald that the credit card offense and grand theft were degrees of the same offense. The court applied section 775.021(4)(b)(2), Florida Statutes (1993), which carves out exceptions to the legislative fiat that an individual can be convicted and sentenced for separate offenses when the individual has committed an act which constitutes more than one offense. Id. at 1318. Accordingly, the statute prohibited the State from prosecuting the credit card offense. Id. at 1319.
The facts of McDonaldare analogous to this case. Consequently, the trial court's order is reversed; Ross's conviction for credit card fraud is vacated; and Ross must be resentenced with a new scoresheet.
PATTERSON, C.J., and CAMPBELL and DAVIS, JJ., Concur.