PER CURIAM.
By information dated June 10, 2002, Appellant was charged with one count of grand theft and two counts of fraudulent use of a credit card. These crimes occurred on May 18, 2002.
Appellant pled no contest to all counts in exchange for no particular sentence. On November 26, 2002, the trial court sentenced Appellant to concurrent two year state prison sentences on all counts, with credit for one day served, followed by three years’ probation. We reverse and remand for resentencing.
As in this case, in Ross v. State, 760 So.2d 214 (Fla. 2d DCA 2000), the defendant was sentenced to fraudulent use of a credit card and grand theft. In Ross, the Second District ruled:
According to the trial court’s order denying relief, Ross’s convictions for fraud *808 ulent use of a credit card, in violation of section 817.61, Florida Statutes (1991), and grand theft, in violation of section 812.014(2)(c)(l), Florida Statutes (1991), arose out a single transaction. Because section 817.61 contains a monetary element, this case is controlled by State v. McDonald, 690 So.2d 1317 (Fla. 2d DCA 1997), in which this court affirmed a trial court order dismissing a grand theft charge.
See § 775.021(4), Fla. Stat. (2002).
Because illegally obtaining property through the use of a forged credit card and grand theft are degrees of the same offense, this case is remanded for the trial court to vacate Appellant’s conviction for grand theft, while maintaining Appellant’s sentence on one count of fraudulent use of a credit card.
REVERSED and REMANDED for re-sentencing.
BOOTH, DAVIS and PADOVANO, JJ., Concur.