920 So.2d 1204 (2006)
Tomika HENRY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-4884.
District Court of Appeal of Florida, Fourth District.
February 15, 2006.
Tomika Henry, Brooksville, pro se.
No appearance required for appellee.
PER CURIAM.
We affirm the trial court's denial of appellant's Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence. Appellant claimed that her convictions for grand theft and robbery violated double jeopardy because they *1205 were committed during the same criminal episode, involved the same victims, and concerned the same jewelry. We agree with the trial court's conclusion that this claim cannot be raised in a 3.800(a) motion because the claim attacks the convictions, not the sentences, and because the claim cannot be determined from the face of the record. See Safrany v. State, 895 So.2d 1145 (Fla. 2d DCA 2005); Smith v. State, 886 So.2d 336 (Fla. 5th DCA 2004).
We note that the situation would be different if the double jeopardy challenge was directed at the sentences and if the claim could be determined from the face of the record. See Hopping v. State, 708 So.2d 263 (Fla.1998) (holding that a double jeopardy claim that a sentence has been unconstitutionally enhanced may be raised in a rule 3.800(a) motion when the double jeopardy violation can be determined from the face of the record). See also Wheeler v. State, 880 So.2d 1260 (Fla. 1st DCA 2004) (involving a claim of violation of double jeopardy rights in rescinded jail credit).
The motion could not have been treated as a motion for postconviction relief under rule 3.850 because the time limit for raising such a claim expired before the motion was filed. Fla. R.Crim. P. 3.850(b). Accordingly, the trial court did not err in denying the motion to correct illegal sentence.
POLEN, GROSS and MAY, JJ., concur.