932 So.2d 1224 (2006)
Timothy M. COUGHLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-3541.
District Court of Appeal of Florida, Second District.
July 7, 2006.
*1225 EN BANC
VILLANTI, Judge.
Timothy Coughlin challenges the postconviction court's summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the postconviction court's order denying all three of Coughlin's claims. However, we write to recede from Ross v. State, 760 So.2d 214 (Fla. 2d DCA 2000), insofar as it permits double jeopardy challenges to convictions under rule 3.800(a).
Coughlin entered an open plea of no contest to attempted first-degree murder, attempted felony murder, robbery with a deadly weapon, and fleeing and eluding. He was convicted and sentenced for all four offenses. Citing Wittemen v. State, 735 So.2d 538, 539 (Fla. 2d DCA 1999), Coughlin asserts that the trial court illegally sentenced him for the attempted first-degree murder and attempted felony murder convictions because both offenses involved a single act and victim. Coughlin affirmatively alleges that the information and the plea colloquy facially demonstrate that the offenses involved the same act and victim. See Fla. R. Crim. P. 3.800(a). As a result, Coughlin argues that the trial court violated double jeopardy principles by sentencing him for both offenses, and because the plea was not negotiated, there is nothing in the record indicating that he waived the double jeopardy challenge. See Novaton v. State, 634 So.2d 607, 608 (Fla. 1994).
The postconviction court denied this claim because it attacks Coughlin's convictions, rather than his sentences, and is therefore not cognizable under rule 3.800(a). See, e.g., Plowman v. State, 586 So.2d 454, 456 (Fla. 2d DCA 1991); Henry v. State, 920 So.2d 1204, 1205 (Fla. 4th DCA 2006); Salazar v. State, 675 So.2d 654, 655 (Fla. 3d DCA 1996); State v. Spella, 567 So.2d 1051, 1051 (Fla. 5th DCA 1990); Ferenc v. State, 563 So.2d 707, 707 (Fla. 1st DCA 1990). Because this rule is well established in Florida, we would typically affirm the postconviction court's order per curiam. However, because Ross directly conflicts with the established rule, we write to recede from Ross.
In Ross, the defendant argued in a rule 3.800(a) motion that his sentences were illegal because his guideline scoresheet included both his grand theft and fraudulent use of a credit card convictions in violation *1226 of section 775.021(4)(b)(2), Florida Statutes (1993).[1]Ross, 760 So.2d at 214. Without first addressing whether a double jeopardy challenge to convictions was cognizable under rule 3.800(a), the court determined that State v. McDonald, 690 So.2d 1317 (Fla. 2d DCA 1997), controlled. Ross, 760 So.2d at 214. McDonald is a direct appeal case holding that "illegally obtaining property through the use of a forged credit card and grand theft are degrees of the same offense." McDonald, 690 So.2d at 1319. As a result of misapplying McDonald, the Ross court reversed the postconviction court's order denying relief, vacated the defendant's credit card fraud conviction, and ordered the postconviction court to resentence the defendant using a new scoresheet. Ross, 760 So.2d at 214.[2]
Double jeopardy challenges to convictions are not cognizable under rule 3.800(a) for two reasons. First, a traditional double jeopardy challenge attacks both the conviction and, by default, the sentence, while rule 3.800(a) is limited to claims that a sentence itself is illegal, without regard to the underlying conviction. See, e.g., Plowman, 586 So.2d at 455; Henry, 920 So.2d at 1205; Salazar, 675 So.2d at 655; Spella, 567 So.2d at 1051; Ferenc, 563 So.2d at 707. Second, permitting defendants to attack their conviction and sentence under rule 3.800(a) would subsume Florida Rule of Criminal Procedure 3.850 into rule 3.800(a), thereby allowing defendants to circumvent rule 3.850's two-year time bar for attacking their convictions and sentences. Cf. United States v. Little, 392 F.3d 671, 678 (4th Cir.2004) (finding that expanding Federal Rule of Criminal Procedure 35(a), after which rule 3.800(a) is modeled, would impermissibly infringe upon other collateral review rules).
Coughlin's reliance on Hopping v. State, 708 So.2d 263 (Fla.1998), is misplaced. Hopping concerned a sentence's unconstitutional enhancement following its commencement. Id. at 264-65. Such double jeopardy challenges are distinguishable from Coughlin's challenge because a Hopping challenge is solely a sentencing issue. However, Coughlin's double jeopardy challenge, although couched as an attack on his sentences, is inherently attacking his convictions because correcting the alleged double jeopardy violation would require vacating an underlying conviction. See Kurtz v. State, 564 So.2d 519, 521 (Fla. 2d DCA 1990) ("[I]t has been the general practice of the appellate courts to vacate both the adjudication of guilt and the sentence associated with a second offense which presents a double jeopardy problem."), disapproved of on other grounds, Novaton v. State, 634 So.2d 607 (Fla.1994). As a result, such challenges are not cognizable under rule 3.800(a) and should be raised under rule 3.850. Plowman, 586 So.2d at 455; Ferenc, 563 So.2d at 707. Coughlin's motion could not be treated as a rule 3.850 motion because it is procedurally time barred.
Therefore, we recede from Ross insofar as it contradicts our holding today and affirm the postconviction court's order denying Coughlin's rule 3.800(a) motion in all respects.
Affirmed.
*1227 ALTENBERND, WHATLEY, NORTHCUTT, CASANUEVA, SALCINES, STRINGER, DAVIS, SILBERMAN, CANADY, WALLACE, and LaROSE, JJ., Concur.
FULMER, C.J., Dissents with an opinion in which KELLY, J., Concurs.
FULMER, Chief Judge, Dissenting.
I dissent because Coughlin attacked only his sentences, and it is my view that an illegal sentence can be set aside without the necessity of also setting aside the conviction.
NOTES
[1] "The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction. . . . Exceptions to this rule of construction are ... (2) Offenses which are degrees of the same offense as provided by statute." § 775.021(4)(b)(2), Fla. Stat. (1993).
[2] The Ross opinion is also unclear as to whether the challenged convictions were primary offenses on his scoresheet. Ross, 760 So.2d at 214. However, the fact that Ross vacated one of the convictions suggests they were primary offenses. Id.