962 So.2d 920 (2007)
Gerard GABRIEL, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-153.
District Court of Appeal of Florida, Third District.
May 2, 2007.
Rehearing Denied August 16, 2007.
Gerard Gabriel, in proper person.
Bill McCollum, Attorney General, Orlando, and Magaly Rodriguez, Assistant Attorney General, for appellee.
Before RAMIREZ, SUAREZ, and CORTIÑAS, JJ.
PER CURIAM.
Gerard Gabriel appeals the trial court's summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand this case to the trial court for attachment of portions of the record that conclusively refute Gabriel's claim. With respect to Gabriel's double jeopardy claim, we affirm the trial court's order denying his rule 3.800(a) motion.
In his motion to correct illegal sentence, Gabriel raised two claims. First, he alleged that the trial court erred in exceeding the statutory limits, as well as the sentencing guidelines, when it imposed his sentences. The trial court denied Gabriel's 3.800(a) motion because his sentence was the result of a negotiated plea.
With regard to this allegation, we cannot determine based upon the documents in the record if Gabriel's sentence exceeds the statutory maximum penalty. The trial court failed to attach written portions of the record conclusively refuting Gabriel's *921 claim. See Fla. R.App. P. 9.141(b)(2)(D). Consequently, and based upon the State's proper confession of error on this point, we reverse and remand for further proceedings on this issue. On remand, if the trial court again enters an order summarily denying Gabriel's post-conviction motion, the trial court shall attach written portions of the record conclusively refuting his claim. See Fla. R.App. P. 9.141(b)(2)(D) (requiring reversal by this Court unless the record shows conclusively that the defendant is entitled to no relief).
Second, Gabriel alleged in his 3.800(a) motion that the trial court improperly convicted him of the offenses of murder in the second degree with a deadly weapon and armed burglary, based on the same assault on the same victim, thus violating double jeopardy. However, this double jeopardy claim is not cognizable under Florida Rule of Criminal Procedure 3.800(a) because it attacks Gabriel's conviction rather than his sentence. See Coughlin v. State, 932 So.2d 1224, 1225 (Fla. 2d DCA 2006).
Accordingly, with respect to Gabriel's sentencing claim, we reverse and remand this case to the trial court for attachment of portions of the record that conclusively refute his claim. With respect to Gabriel's double jeopardy claim, we affirm the trial court's order denying his rule 3.800(a) motion.
Affirmed in part, reversed in part, and remanded for further proceedings.