[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13981
Non-Argument Calendar
_____

D. C. Docket No. 8:07-cv-00124-SDM-TBM

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 11, 2012
JOHN LEY
CLERK

TIMOTHY M. COUGHLIN,

                                                            Petitioner-Appellant,

        versus

SECRETARY, DEPARTMENT
OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

                                                            Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 11, 2012)

Before EDMONDSON, MARCUS, and FAY, Circuit Judges.


PER CURIAM:

Timothy Coughlin, a Florida prisoner, appeals the district court's denial of his pro se 28 U.S.C. § 2254 habeas corpus petition, which challenged his convictions and life sentence for first degree murder, attempted felony murder, armed robbery, and fleeing law enforcement officials. No reversible error has been shown; we affirm.

In his section 2254 petition, Coughlin argued, among other things, that his convictions for attempted first degree murder and attempted felony murder violated the Fifth Amendment's Double Jeopardy Clause. The district court rejected this claim as barred by an independent and adequate state procedural default rule. We granted a certificate of appealability on "[w]hether the district court erred by finding that the state court's denial of Coughlin's double jeopardy claim rested on independent and adequate state procedural grounds."

Coughlin raised his double jeopardy claim for the first time in his motion to correct an illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The first state court denied Coughlin's motion and the state appellate court affirmed.

The appellate court affirmed the denial of Coughlin's Rule 3.800(a) motion en banc; the appellate court acted en banc expressly to recede from an earlier case, Ross v. State, 760 So.2d 214 (Fla. Dist. Ct. App. 2000), which had permitted a double jeopardy challenge to a conviction under Rule 3.800. See Coughlin v. State, 932

2

So.2d 1224 (Fla. Dist. Ct. App. 2006).  As explained by the appellate court, <u>Ross</u> involved the misapplication of the holding of another case and directly conflicted with the established rule that challenges to convictions  -- as opposed to challenges to sentences -- are not cognizable under Rule 3.800(a).  <u>Coughlin</u>, 932 So.2d at 1225-26.

Double jeopardy challenges to <u>convictions</u> are cognizable under Florida Rule of Criminal Procedure 3.850; Rule 3.800 is limited to correction of illegal <u>sentences</u>. <u>Id</u>. at 1226.  Again as explained by the appellate court <u>en</u> <u>banc</u>, to allow defendants to attack their convictions under Rule 3.800 -- which attack can be made "at any time" -- would allow defendants to circumvent the two-year time limitation for filing post-conviction motions under Rule 3.850.  A double jeopardy claim is dependent on a challenge to the underlying conviction and is raised properly in a timely Rule 3.850 motion; but a Rule 3.850 motion by Coughlin would be procedurally time-barred. <u>Id</u>.

We review <u>de novo</u> a determination that a habeas claim was procedurally defaulted.  <u>Brownlee v. Haley</u>, 306 F.3d 1043, 1058 (11th Cir. 2002).  For a state procedural ruling to preclude federal habeas review of a petitioner's claim, the state court's ruling must rest upon "independent and adequate" state grounds.  <u>Judd v. Haley</u>, 250 F.3d 1308, 1313 (2001).  In this case, that the state court's judgment was based on a procedural bar and that the state law ground was independent of the

federal question is undisputed.  Thus, the only issue on appeal is whether the state court's procedural bar provided an "adequate" state ground for denying relief.  See id.  A state procedural rule constitutes an adequate state ground when it is "firmly established and regularly followed" and not "applied in an arbitrary or unprecedented fashion."  Siebert v. Allen, 455 F.3d 1269, 1271 (11th Cir. 2006); Judd, 250 F.3d at 1313.

Florida courts have routinely concluded that double jeopardy claims such as Coughlin's -- where a defendant argues that he was subjected to multiple convictions for the same conduct -- are not cognizable under Rule 3.800.  See, e.g., Henry v. State, 920 So.2d 1204, 1205 (Fla. Dist. Ct. App. 2006); Safrany v. State, 895 So.2d 1145, 1147 (Fla. Dist. Ct. App. 2005); Smith v. State, 886 So.2d 336, 337 (Fla. Dist. Ct. App. 2004); State v. Williams, 854 So.2d 215, 217 (Fla. Dist. Ct. App. 2003); Wiley v. State, 604 So.2d 6, 7 (Fla. Dist. Ct. App. 1992); Ferenc v. State, 563 So.2d 707, 707-08 (Fla. Dist. Ct. App. 1990).  That the appellate court had issued a contrary decision in the Ross case does not significantly undermine a conclusion that the rule is firmly established.  See Dugger v. Adams, 109 S.Ct. 1211, 1217 n.6 (1989) (concluding that a state procedural rule was applied "consistently and regularly" when the state supreme court had applied the rule in "the vast majority of cases" and when the few cases petitioner cited were distinguishable).  Nothing arbitrary has been

4

shown here. As a result, because the state procedural rule constituted an adequate state ground for denying relief, Coughlin's double jeopardy claim was procedurally defaulted. See Siebert, 455 F.3d at 1271.

To overcome procedural default, a petitioner must show adequate cause for and actual prejudice arising from the default, or that the failure to consider the claim would result in a fundamental miscarriage of justice. Bailey v. Nagle, 172 F.3d 1299, 1306 (11th Cir. 1999). Because Coughlin could have raised his double jeopardy claim in either his direct appeal or his Rule 3.850 motion -- but did not -- he failed to show cause for the default.[*] Nor has he made the "colorable showing of actual innocence" required to establish a "fundamental miscarriage of justice." See id.

AFFIRMED.

---

[*] Because no cause has been shown, we need not determine whether Coughlin was actually prejudiced by the default. See Harmon v. Barton, 894 F.2d 1268, 1276 n.14 (11th Cir. 1990).