PER CURIAM.
Anthony Durm appeals the trial court’s order summarily denying his motion, filed pursuant to Florida Rule of Criminal Procedure 3.800(a), to correct an illegal sentence. Although Appellant’s motion is couched in part as an attack upon his sentence, in reality it seeks to vacate his conviction[1] as barred by double jeopardy. A double jeopardy challenge to a conviction must be brought pursuant to rule 3.850, rather than rule 3.800(a). Lopez v. State, 2 So.3d 1057 (Fla. 3d DCA 2009); White v. State, 644 So.2d 174 (Fla. 3d DCA 1994); Plowman v. State, 586 So.2d 454 (Fla. 2d DCA 1991); Ferenc v. Sate, 563 So.2d 707 (Fla. 1st DCA 1990). While we therefore affirm the lower court’s order, which was right for the wrong reason, see Irving v. State, 627 So.2d 92 (Fla. 3d DCA 1993), we do so without prejudice to Durm filing a proper motion under rule 3.850.
Affirmed.

. The court suspended entry of the sentence for the conviction, which is the subject of Durm’s motion.