IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

BRADFORD B. BANKS, JR.,

      Appellant,

 v.                              Case No.  5D16-4323

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed February 17, 2017

3.800 Appeal from the Circuit
Court for Orange County,
Robert J. Egan, Judge.

Bradford B. Banks, Jr., Florida City, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Bonnie Jean Parrish,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

      Bradford Banks, Jr., appeals the order denying his motion to vacate, set aside, or

correct sentence.  For the following reasons, we affirm.

      In 1997, after a jury trial, Banks was convicted of burglary of a dwelling with an

assault or battery with a weapon, aggravated battery causing great bodily harm with a

weapon, and aggravated assault with a deadly weapon.[1] Banks appealed his convictions and sentences, but his appeal was dismissed in 1998.

In 2014, Banks filed the present "Motion to Vacate, Set Aside, or Correct Sentence, or Alternatively, Petition for 'Common Law' writ of habeas corpus pursuant to Florida Rule of Criminal Procedure 3.850, Article I, Section 13 of the Florida Constitution, and section 79.01 of the Florida Statutes (2013)." Banks argued that his convictions were "unlawful," thereby causing his sentences to be illegal because the convictions violated the double jeopardy prohibitions of the Florida Constitution and the United States Constitution.

In summarily denying the motion, the postconviction court first correctly determined that Banks's rule 3.850 motion was untimely and successive.[2] Although "[d]ouble jeopardy claims are properly the subject of Rule 3.850 relief," *Dykes v. State*, 200 So. 3d 162, 163 (Fla. 5th DCA 2016) (quoting *Rios v. State*, 889 So. 2d 940, 941 (Fla. 5th DCA 2004)), the two-year time requirement to file a rule 3.850 motion applies to double jeopardy issues raised in the motion. *Sanders v. State*, 621 So. 2d 723, 727 (Fla. 5th DCA 1993). The time for filing the motion pursuant to rule 3.850 expired long ago. *See McCraney v. State*, 830 So. 2d 262 (Fla. 5th DCA 2002). Second, the court also appropriately concluded that Banks was not entitled to habeas corpus relief because Banks was improperly seeking relief on an issue that could have been raised on direct

---

[1] Banks was also convicted of three other charges that are not pertinent to this appeal. A seventh charge was dismissed by the court after trial.

[2] Banks had previously filed a rule 3.850 motion for postconviction relief that the lower court denied. We affirmed the denial order without opinion. *Banks v. State*, 111 So. 3d 894 (Fla. 5th DCA 2013).

appeal or in a timely rule 3.850 motion. *See Baker v. State*, 878 So. 2d 1236, 1241 (Fla. 2004) (citations omitted).

Having concluded that relief was not procedurally warranted on the basis asserted, the postconviction court then considered the motion as if filed pursuant to Florida Rule of Criminal Procedure 3.800(a) to correct an illegal sentence. The court concluded that Banks was not entitled to relief under this rule, reasoning that because Banks had already completed serving his sentence on the burglary with an assault or battery with a weapon conviction, "any question regarding the legality of the sentence" was rendered moot. *See Maybin v. State*, 884 So. 2d 1174, 1175 (Fla. 2d DCA 2004) (holding that when a defendant has served an invalid or illegal sentence to completion, the trial court cannot vacate it under rule 3.800(a) because the issue has become moot (citation omitted)).

Initially, we agree with the postconviction court's observation that Banks had completed his sentence for the burglary conviction. For that matter, Banks has also completed his sentence for the aggravated assault conviction, but he is still serving his prison sentence for the aggravated battery conviction. We conclude, however, that the postconviction court erred in analyzing, and thereafter resolving, the issue of whether Banks's sentences are or were illegal because, substantively, Banks was only challenging his convictions, while the respective sentences were only challenged by default. While we appreciate the postconviction court's effort to thoroughly analyze Banks's claims under all possible avenues for relief, this court has explained that double jeopardy challenges that are in reality attacks on convictions and not on sentences cannot be addressed in the context of a rule 3.800(a) motion. *Sanders*, 621 So. 2d at 727 (citing *State v. Spella*, 567 So. 2d 1051 (Fla. 5th DCA 1990)). "Any other interpretation would

provide an easy escape route around the time-bar for collateral attacks on criminal judgments provided by rule 3.850." *Id.* We therefore affirm the court's order. "[R]ule 3.800(a) is limited to claims that a sentence itself is illegal, without regard to the underlying conviction." *Coughlin v. State*, 932 So. 2d 1224, 1226 (Fla. 2d DCA 2006) (en banc) (citations omitted). As previously discussed, Banks was required to challenge his convictions on double jeopardy principles in his direct appeal or by a timely rule 3.850 motion, which he did not do.

Lastly, we substantively and procedurally reject Banks's plea for relief based on an alleged "manifest injustice" exception. *See State v. Manning*, 121 So. 3d 1083, 1085 (Fla. 4th DCA 2013); *Hall v. State*, 94 So. 3d 655, 657 (Fla. 1st DCA 2012) ("'Simply construing an alleged error as "manifest injustice" does not relieve [an appellant] of the time bar contained in' rule 3.850." (quoting *Johnson v. State*, 44 So. 3d 198, 200–01 (Fla. 4th DCA 2010))).

AFFIRMED.

PALMER, TORPY, and LAMBERT, JJ., concur.