NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TREVONTAE J. SHULER,                    )
                                        )
            Appellant,                  )
                                        )
v.                                      )        Case No. 2D20-610
                                        )
STATE OF FLORIDA,                       )
                                        )
            Appellee.                   )
_____ )

Opinion filed September 25, 2020.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Polk County; Larry Helms, Judge.

Trevontae J. Shuler, pro se.

NORTHCUTT, Judge.

Trevontae Shuler appeals the dismissal of his motion to correct illegal

sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a).  We reverse.

Shuler submitted his motion under four case numbers, but it addressed

only case number 16–CF–3112.  In that case, in January 2017 a jury found Shuler guilty

of one count of robbery with a firearm.  The court sentenced him to life in prison as a

prison releasee reoffender.  He entered a plea to a severed count of felon in possession

of a firearm and was sentenced to a concurrent term of fifteen years' imprisonment.  On

appeal, we per curiam affirmed the convictions and sentences and our mandate issued on August 6, 2018.  See Shuler v. State, 254 So. 3d 335 (Fla. 2d DCA 2018) (table decision).

In October 2019, Shuler filed a rule 3.800(a) motion to correct illegal sentence.  The postconviction court dismissed the motion, and this timely appeal followed.

Shuler's motion asserted that his convictions and sentences are illegal because they violate double jeopardy.  Such a claim is not cognizable in a rule 3.800(a) motion.  See Coughlin v. State, 932 So. 2d 1224, 1225–26 (Fla. 2d DCA 2006) (holding that claims attacking convictions, and not sentences, are not cognizable pursuant to rule 3.800(a)).  Rather, a double jeopardy claim is properly raised in a rule 3.850 motion for postconviction relief.  See id. at 1226 (first citing Plowman v. State, 586 So. 2d 454, 455 (Fla. 2d DCA 1991), and then citing Ferenc v. State, 563 So. 2d 707, 707 (Fla. 1st DCA 1990)).  The postconviction court should have treated Shuler's motion as if filed pursuant to rule 3.850 because it contained the requisite oath and it was timely filed under that rule.[1]  See Hettick v. State, 977 So. 2d 797, 798 (Fla. 2d DCA 2008).

Instead, the postconviction court dismissed the motion in the belief that it lacked jurisdiction to entertain it because Shuler had an appeal from a rule 3.850 proceeding pending in this court.  This was error.  Because the issues raised in the two motions differed, the postconviction court had jurisdiction to decide the instant motion notwithstanding the pending appeal.  See Montague v. State, 710 So. 2d 228, 229 (Fla.

---

[1]See Fla. R. Crim. P. 3.850(b); Beaty v. State, 701 So. 2d 856, 857 (Fla. 1997) (holding that the two-year period for filing a rule 3.80 motion for postconviction relief begins to run upon issuance of the direct-appeal mandate).

2d DCA 1998); see also Bryant v. State, 102 So. 3d 660, 666 (Fla. 2d DCA 2012) (en banc); Bates v. State, 704 So. 2d 562, 563 (Fla. 1st DCA 1997) (holding that a postconviction appeal will not deprive the trial court of jurisdiction in a subsequent motion unless the issues are similar).

Accordingly, we reverse the dismissal of Shuler's motion. We remand for further proceedings on the motion, which shall be treated as one filed under rule 3.850.

Reversed and remanded.


BLACK and ROTHSTEIN-YOUAKIM, JJ., Concur.