417 So.2d 250 (1982)
Harold Gene LUCAS, Appellant,
v.
STATE of Florida, Appellee.
No. 51135.
Supreme Court of Florida.
July 1, 1982.
Jack O. Johnson, Public Defender and Douglas A. Lockwood, Asst. Public Defender, Tenth Judicial Circuit, Bartow, and Douglas M. Midgley, Public Defender, Twentieth Judicial Circuit, Fort Myers, for appellant.
Jim Smith, Atty. Gen. and Charles Corces, Jr. and James S. Purdy, Asst. Attys. Gen., Tampa, for appellee.
PER CURIAM.
A jury convicted Harold Lucas of first-degree murder and, agreeing with that jury's recommendation, the trial judge sentenced him to death. On appeal we affirmed his conviction, but, because the trial judge had erroneously considered a nonstatutory aggravating circumstances, we remanded for resentencing without the benefit of a new sentence recommendation by a jury. Lucas v. State, 376 So.2d 1149 (Fla. 1979). Following our mandate, the trial judge heard argument of counsel and again sentenced Lucas to death. Lucas now appeals this sentence claiming that the trial judge abused his discretion by not properly reweighing and reevaluating the valid aggravating and mitigating circumstances. We again reverse and remand for an additional sentencing hearing.
The United States Supreme Court, when it upheld the constitutionality of Florida's death statute in Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976), pointed out that both the trial judge and this Court have a keen and deep responsibility in imposing and reviewing death sentences. That Court stated:
Florida, like Georgia, has responded to Furman [Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346] by enacting legislation that passes constitutional muster. That legislation provides that after a person is convicted of first-degree murder, there shall be an informed, focused, guided, and objective inquiry *251 into the question whether he should be sentenced to death. If a death sentence is imposed, the sentencing authority articulates in writing the statutory reasons that led to its decision. Those reasons, and the evidence supporting them, are conscientiously reviewed by a court which, because of its statewide jurisdiction, can assure consistency, fairness, and rationality in the evenhanded operation of the state law. As in Georgia, this system serves to assure that sentences of death will not be "wantonly" or "freakishly" imposed.
Id. at 259-60, 96 S.Ct. at 2970.
This Court restated the dual responsibility of the trial judge in Brown v. Wainwright, 392 So.2d 1327, 1331 (Fla. 1981), where we said:
Florida's death penalty statute, section 921.141, Florida Statutes (1979), directs that a jury and judge, not this Court, must weigh the evidence of aggravating and mitigating circumstances delineated in the statute to determine whether death is an appropriate sentence. The jury performs that function only to recommend a sentence to the trial judge. It then becomes the responsibility of the trial judge to weigh evidence of aggravating and mitigating circumstances in order to arrive at a reasoned judgment as to the appropriate sentence to impose.
This Court's role after a death sentence has been imposed is "review," a process qualitatively different from sentence "imposition." It consists of two discrete functions. First, we determine if the jury and judge acted with procedural rectitude in applying section 921.141 and our case law... .
The second aspect of our review process is to ensure relative proportionality among death sentences which have been approved statewide. After we have concluded that the judge and jury have acted with procedural regularity, we compare the case under review with all past capital cases to determine whether or not the punishment is too great.
(Footnote and citations omitted.) For the dual responsibility to be fulfilled the trial court must exercise a reasoned judgment in weighing the appropriate aggravating and mitigating circumstances in imposing the death sentence. To satisfactorily perform our responsibility we must be able to discern from the record that the trial judge fulfilled that responsibility.
The directions to the trial judge emanating from this Court in this cause may not have been clear, but, nevertheless, it was his responsibility to exercise a reasoned judgment in weighing the aggravating and mitigating circumstances on remand. After all, it is this sentence and not any prior one which may be carried out.
In a dialogue with counsel the trial judge expressed his belief that all this Court mandated was cleaning up the language of his order.[1] Although this statement could have been facetious, it tends to negate any supposition that he used reasoned judgment in reweighing the factors. There is nothing in the record to demonstrate that he engaged in a reasoned consideration.
Lucas also argues that the court erred in not impaneling an advisory jury, in not permitting him to introduce evidence of nonstatutory mitigating circumstances, and in not holding section 921.141, Florida Statutes *252 (1979), unconstitutional as applied to him. The state moves to strike these points because Lucas, in asserting these points below, asked the trial court to go beyond the mandate of this Court. We do not fault the trial judge for following the letter of our mandate in this regard.
In Songer v. State, 365 So.2d 696 (Fla. 1978), cert. denied, 441 U.S. 956, 99 S.Ct. 2185, 60 L.Ed.2d 1060 (1979), this Court denied Songer's petition to present additional testimony when the cause had been remanded for a Gardner[2] hearing, and we held that it was not error to decline the petition. On rehearing we held that Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), did not invalidate Florida's death penalty statute because we have always held that the list of statutory mitigating factors is not exclusive and that all relevant circumstances may be considered in mitigation.[3] It would follow that on the evidence presented, section 921.141 was not unconstitutionally applied to Lucas.
We vacate the death penalty imposed in this cause and remand to the trial judge to conduct a new sentencing proceeding.
It is so ordered.
BOYD, OVERTON and SUNDBERG, JJ., concur.
McDONALD, J., concurs with an opinion.
ALDERMAN, C.J., dissents with an opinion, in which ADKINS, J., concurs.
McDONALD, Justice, concurring.
I concur with this opinion. On remand, however, the trial judge should consider the recent United States Supreme Court decision of Eddings v. Oklahoma, ___ U.S. ___, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982). Eddings reminds us that it is important for the sentencing authority to explicitly consider and weigh the defendant's background and character along with the crime and the circumstances of its commission and states that
the rule in Lockett [v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978)] is the product of a considerable history reflecting the law's effort to develop a system of capital punishment at once consistent and principled but also humane and sensible to the uniqueness of the individual.
Id., at ___, 102 S.Ct. at 874.
ALDERMAN, Chief Justice, dissenting.
The majority, in vacating the sentence of death, holds that the trial court did not exercise a reasoned judgment in weighing the aggravating and mitigating circumstances on remand from us. I disagree. In the first appeal in this cause, we remanded to the trial court to reweigh the aggravating and mitigating circumstances without allowing the nonstatutory aggravating circumstances of the atrocity of the attempted murders of two other victims to enter into the trial court's equation. In my view, the trial court followed our directions, properly reweighed the circumstances eliminating the inappropriate circumstance, and reimposed the death sentence, thereby assuring us that the nonstatutory aggravating circumstance which we invalidated did not "tip the scales of the weighing process in favor of death." Elledge v. State, 346 So.2d 998, 1003 (Fla. 1977). Accordingly, I would affirm the sentence of death.
ADKINS, J., concurs.
NOTES
[1] The new sentencing order, prepared by the state at the direction of the trial judge, varied only slightly from the original and, in pertinent part, reads as follows:

The aggravating circumstances are:
1. The Crime of First Degree Murder was committed only seconds, or at best, only minutes, before he committed two other felonies, to-wit: two separate counts of Attempted First Degree Murder.
2. That each of the three crimes committed by the Defendant were carried out with such an indifference to others as to create great possible injury to others. The charge of First Degree Murder, in this case, was carried out in such a sadistic fashion as to be especially heinous, atrocious and cruel.
Despite the Court's doubts as to the efficacy of the death penalty, it is impossible for me to find any justifiable reason for disturbing the jury's advisory sentence.
[2] Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977).
[3] We do not decide in the instant case whether Lockett rises to the level of a fundamental change in the law so as to warrant post-conviction relief. See Witt v. State, 387 So.2d 922 (Fla. 1980).