419 So.2d 312 (1982)
Antonio MENENDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 49294.
Supreme Court of Florida.
August 26, 1982.
*313 Bennett H. Brummer, Public Defender and Warren S. Schwartz and Daniel Velayos-Laredo, Asst. Public Defenders, Eleventh Judicial Circuit, Miami, for appellant.
Jim Smith, Atty. Gen. and Richard W. Prospect and Calvin L. Fox, Asst. Attys. Gen., Miami, for appellee.
PER CURIAM.
This cause is before the Court on appeal from the imposition of a sentence of death. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
This case was previously before the Court on appeal of the judgment of conviction and sentence of death. There we affirmed the convictions of first-degree murder and robbery but vacated the sentence of death and remanded to the trial court for resentencing. Menendez v. State, 368 So.2d 1278 (Fla. 1979). In our earlier opinion we held that three of the aggravating considerations recited by the trial court were not authorized by statute and were therefore improper. We found that two of the remaining aggravating circumstances found by the trial court, although statutory, were not supported by evidence and were therefore also improper. We concluded that, with only one properly found aggravating circumstance and one mitigating circumstance (lack of a significant criminal history) appearing on the record, it was impossible for us to evaluate the trial court's weighing of the factors.[1] We therefore vacated the death sentence and remanded for resentencing by the trial judge.
The trial judge held a hearing at which both sides were given the opportunity to present additional testimony and argument. The state presented no additional testimony, relying instead on the evidence already heard by the court at the earlier trial. The defense presented the testimony of several witnesses. One group of witnesses consisted of persons who have been in correspondence with appellant since the time of his imprisonment for the instant offenses. They offered their conclusions and beliefs to the effect that appellant is a "positive" individual, capable of rehabilitation and of being useful to society. Another group consisted of persons who knew appellant as a child and as a young adult. They stated their beliefs that appellant was and is a good, trustworthy, and social-minded person. Finally, a social worker testified to her conclusions that, as a non-English speaking immigrant, appellant encountered extreme difficulty with assimilation and in *314 earning a living and that such difficulties contributed significantly to his committing the criminal acts for which he was convicted.
Following the taking of testimony, the trial judge allowed both sides to present argument. Then, the judge announced that she had considered the evidence and argument, had weighed the circumstances, and was prepared to impose sentence. In the sentencing findings, the judge stated that the additional evidence presented had contained nothing sufficient to change her original determination to follow the jury's recommendation of a sentence of death. She found that the aggravating circumstance, that the murder was committed in the course of a robbery, outweighed the "single mitigating circumstance" of lack of significant history of prior criminal activity, and again sentenced appellant to death.
This Court's previous opinion issued on appellant's original appeal contained the following statement of the facts:
The following sequence of events led to Menendez's arrest and conviction. A customer walked into a jewelry store and saw a man emptying the store's safe. The man took a gun from his jacket and grabbed for the customer, but she eluded his grasp and ran out of the store. Soon thereafter the same man was seen by the customer and her husband leaving the store and speeding away in a red Camaro with New York license tags. Both the husband and wife later gave police similar descriptions of the man they had seen. A police officer soon arrived at the store and found the dead body of the jeweler.
At 2:30 a.m., the officer received word that a red Camaro had been seen at an apartment complex. He proceeded to the area and noted that although the car had a Florida license tag, it bore a New York inspection sticker. The officer then went into the complex and questioned the manager, who said that he thought the Camaro belonged to the resident of a particular apartment whose description matched that of the man seen at the jewelry store. The manager also stated that this resident had been seen transferring various goods from the trunk of the red Camaro to another vehicle earlier. The officer went to the door of the apartment, knocked, and announced both in English and Spanish that he was a police officer.
After about five minutes, during which time the officer heard shuffling and sounds of movement inside the apartment, the door was opened about two inches to reveal an individual holding a pistol in his hand. The officer immediately pushed the door fully open, upon which the person who had opened the door dropped the pistol. Across the room the officer saw another man who fit the suspect's description and numerous items of merchandise which later proved to have been taken from the jewelry store.
The officer arrested the persons in the apartment and confiscated both the weapons and merchandise. The man seated across the room was Menendez, who was later identified in a lineup at the police station by the woman who had witnessed the jewelry store robbery.
After a trial by jury, Menendez was convicted of robbing the jewelry store and murdering the store owner. He was sentenced to life imprisonment for the robbery and to death for the murder.
Menendez v. State, 368 So.2d 1278, 1279 (Fla. 1979). Menendez and the other man arrested were both charged with robbery and murder and were tried together. The other man was acquitted of both charges.
Appellant contends that the trial court erred in refusing to convene a jury to hear evidence and make a new sentencing recommendation. However, in deciding the earlier appeal, we held that there had been no error at the original sentencing trial with regard to evidence and instructions, so that the jury's recommendation was valid and a new jury recommendation was not required. Therefore, the trial court's decision on remand not to convene a jury was in keeping with our mandate and was proper.
Appellant contends that section 921.141, Florida Statutes (1975), is unconstitutional in that the effect of the aggravating *315 circumstances therein is to create a presumption that death is the appropriate penalty for persons convicted of first-degree murder on the theory of felony murder. He argues that one convicted of one of several kinds of felony murder enters the sentencing process with one statutory aggravating circumstance already established against him by virtue of section 921.141(5)(d). Therefore, the argument continues, a defendant in such a position is required to prove mitigating circumstances to establish his right to a life sentence. Thus, the statute provides for an automatic death penalty for certain types of crimes. By virtue of these characteristics, appellant argues, the capital felony sentencing law authorizes cruel and unusual punishment and violates principles of due process. We reject these arguments as being without merit.
Appellant contends that there is no evidence to support the finding that the murder was committed for pecuniary gain. We noted in our original opinion in this case that the trial court did not give separate consideration to pecuniary gain as an aggravating circumstance but, rather, properly merged it with the factor of the murder having been committed in the course of a robbery. We expressly concluded that, as so merged, this single aggravating factor was supported by the evidence. The state accordingly responds to this argument by saying that appellant may not attempt to reopen this issue which was settled in the initial appeal.[2] We agree and adhere to our earlier conclusion that there was sufficient evidence to establish that the murder was committed in the course of a robbery. § 921.141(5)(d), Fla. Stat. (1975).
The final issue is whether a sentence of death is appropriate to this case in view of all the properly considered circumstances. The circumstances are that the murder occurred in the course of the crime of robbery committed by the appellant. There was no sufficient proof, however, that this was an "execution-style" or a "witness-elimination" murder. Indeed, there was no direct evidence of a premeditated murder, so we must presume that the conviction rests on the felony murder theory. The appellant, at the time of the murder, had no significant history of prior criminal activity. The trial court found this statutory mitigating circumstance at the original sentencing and it was corroborated and reinforced by further testimony for the defense at the hearing on remand. Moreover, at the hearing on remand several new defense witnesses testified that appellant has demonstrated a capacity for rehabilitation.
Our function in reviewing a death sentence is to consider the circumstances in light of our other decisions and determine whether the death penalty is appropriate. State v. Dixon, 283 So.2d 1 (Fla. 1973), cert. denied, 416 U.S. 943, 94 S.Ct. 1951, 40 L.Ed.2d 295 (1974). We hold that the facts of this felony murder do not call for the death penalty.
We therefore vacate the sentence of death and remand this case to the trial court with directions to sentence appellant to life imprisonment without eligibility for parole for twenty-five years.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG and McDONALD, JJ., concur.
NOTES
[1] The crucial language of the opinion was as follows:

There is, therefore, only one properly found aggravating circumstance and one mitigating circumstance. Since the trial judge has committed error in considering matters outside the permissible range of legal standards set by the statute, and because it is impossible for us to evaluate the weight given by the trial judge to those factors which were proper to consider in imposing the death penalty, we can only vacate the sentence of death and remand the case for resentencing.
Menendez v. State, 368 So.2d 1278, 1282 (Fla. 1979).
[2] The state's argument on this issue seems somewhat disingenuous in light of the fact that the state makes precisely the same kind of attack on another finding in our earlier judgment. The state persists in arguing that the evidence showed that the murder was committed for the purpose of avoiding arrest or detection. There was no competent, substantial evidence to prove this circumstance. As we suggested in our initial opinion, evidence that a murder was committed stealthily, with care taken to prevent the detection of the murder, does not establish that the murder itself was committed for the purpose of avoiding arrest, as when a witness is killed to prevent him from identifying the perpetrator of an antecedent crime. § 921.141(5)(e), Fla. Stat. (1975).