490 So.2d 943 (1986)
Harold Gene LUCAS, Appellant,
v.
STATE of Florida, Appellee.
No. 67094.
Supreme Court of Florida.
July 3, 1986.
*944 James Marion Moorman, Public Defender and W.C. McLain, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for appellant.
Jim Smith, Atty. Gen. and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Lucas appeals the reimposition of a sentence of death. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We remand for a new sentencing proceeding before a jury.
In 1977 a jury convicted Lucas of first-degree murder. The trial judge agreed with the jury's recommendation and sentenced Lucas to death. On appeal this Court affirmed Lucas' convictions, but, because the trial judge considered a nonstatutory aggravating factor, we remanded for resentencing without a new jury. Lucas v. State, 376 So.2d 1149 (Fla. 1979) (Lucas I). On remand the judge again sentenced Lucas to death. In reviewing that sentence, however, we concluded that the judge had not exercised a reasoned judgment in weighing the aggravating and mitigating circumstances on remand. Therefore, we remanded the case again so that the judge could "conduct a new sentencing proceeding." Lucas v. State, 417 So.2d 250 (Fla. 1982) (Lucas II).
The original trial judge died before the second resentencing, and another judge took over Lucas' case. The new judge refused Lucas' requests for a new jury and for permission to present additional evidence. Instead, the judge reviewed all of the transcripts in the case. After considering this material and the jury's recommendation, the court again sentenced Lucas to death, finding previous conviction of violent felony, great risk of death to many persons, and heinous, atrocious, or cruel in aggravation and lack of significant history *945 of prior criminal activity in mitigation. § 921,141(5) (b), (c), & (h) & (6) (a), Fla. Stat. (1983).
On appeal Lucas claims, among other things, that the judge erred by not allowing him to present additional evidence, by not empanelling a new jury, and by finding an erroneous aggravating factor.
Our terminology in remanding for resentencing has varied from case to case. E.g., Dougan v. State, 470 So.2d 697, 702 (Fla. 1985) (remanded "for a new sentencing hearing with a new jury"); Lucas II, 417 So.2d at 252 (remanded "to the trial judge to conduct a new sentencing proceeding")' Ross v. State, 386 So.2d 1191, 1198 (Fla. 1980) (remanded "for sole purpose of allowing the trial court to reconsider the imposition" of the death sentence); Lucas I, 376 So.2d at 1154 ("remanded for resentencing without benefit of a new sentence recommendation by a jury"); Menendez v. State, 368 So.2d 1278, 1282 (Fla. 1979) (remanded "for resentencing by the trial court"); Riley v. State, 366 So.2d 19, 22 (Fla. 1978) (same as Ross); Elledge v. State, 346 So.2d 998, 1004 (Fla. 1977) ("remanded to the trial court for a new sentencing trial to be held in accordance with the views expressed herein"). Given our varied terminology, we have allowed trial courts to exercise discretion in resentencing. Elledge, for example, had the benefit of a new jury recommendation, even though we did not specifically direct that a new jury be empanelled. Elledge v. State, 408 So.2d 1021 (Fla. 1981), cert. denied, 459 U.S. 981, 103 S.Ct. 316, 74 L.Ed.2d 293 (1982). Similarly, even though we only remanded for resentencing by the trial court, Menendez' trial court held a hearing at which both sides presented additional testimony and argument. Menendez v. State, 419 So.2d 312 (Fla. 1982). We approved this procedure sub silentio, but found no error in the trial court's refusal to empanel a new jury because
in deciding the earlier appeal, we held that there had been no error at the original sentencing trial with regard to evidence and instructions, so that the jury's recommendation was valid and a new jury recommendation was not required. Therefore, the trial court's decision on remand not to convene a jury was in keeping with our mandate and was proper.
Id. at 314. This was in accord with a previous pronouncement as to when what type of resentencing proceeding is required:
In our original decision [Mikenas v. State], we specifically remanded for resentencing "without further deliberations by a jury." 367 So.2d 606 at 610. Defendant contends that a contrary procedure is dictated by Elledge v. State, 346 So.2d 998 (Fla. 1977), wherein we set aside a death sentence and remanded for a new sentencing trial because the trial court had considered as a nonstatutory aggravating factor evidence concerning an alleged murder not within the res gestae of the murder for which the defendant was being tried and which had not resulted in a conviction at the time of the trial. However, Elledge is not relevant. In this case, the evidence itself was not improper, only the manner in which it was considered by the court in its findings of fact.
Mikenas v. State, 407 So.2d 892, 893 (Fla. 1981), cert. denied, 456 U.S. 1011, 102 S.Ct. 2307, 73 L.Ed.2d 1308 (1982). In Mann v. State, 453 So.2d 784, 786 (Fla. 1984), cert. denied, ___ U.S. ___, 105 S.Ct. 940, 83 L.Ed.2d 953 (1985), however, we said: "Our remand [Mann v. State, 420 So.2d 578, 581 (Fla. 1982)] directed a new sentencing proceeding, not just a reweighing. In such a proceeding both sides may, if they choose, present additional evidence." In Lucas II we remanded for a new sentencing proceeding. Therefore, although we find that the new trial judge did not err by not empanelling a new jury, we find that both sides should have been allowed to present additional testimony and argument.
This holding, however, does not end the instant inquiry. In Harvard v. State, 486 So.2d 537 (Fla. 1986), we remanded for a new sentencing hearing in a post-conviction relief proceeding because Harvard's *946 trial court believed that the mitigating factors were restricted to those listed in the statute. Lucas' trial, as well as Harvard's, took place prior to the filing of this Court's opinion in Songer v. State, 365 So.2d 696 (Fla. 1978), cert. denied, 441 U.S. 956, 99 S.Ct. 2185, 60 L.Ed.2d 1060 (1979). Although Lucas' original judge cannot now say what he thought section 921.141 required, the record shows that he instructed the jury only on the statutory mitigating circumstances. Our review of the record shows a scant twelve pages devoted to presentation of evidence by both the state and the defense at the sentencing proceeding. Moreover, in arguing to the jury defense counsel stated:
As the judge will explain to you, the law is very specific in spelling out what you may consider in making your decision. You may not go outside the aggravating and mitigating circumstances in reaching your decision... . But you may not go outside the specifically enumerated aggravating and mitigating factors.
Because we would rather have this case straightened out now rather than, possibly, in the far future in a post-conviction proceeding, we remand for a complete new sentencing proceeding before a newly empanelled jury.
As a final note, upon reconsideration, we find that the aggravating factor of creating great risk of death to many people is not applicable to this homicide. Notwithstanding the "raging gun battle," 376 So.2d 1153, this episode involved only the victim and her two friends. There has never been any evidence that Lucas' conduct endangered more than the three people directly involved. Three people simply do not constitute "many persons" as meant in section 921.141(5)(c). Lewis v. State, 398 So.2d 432 (Fla. 1981); Lewis v. State, 377 So.2d 640 (Fla. 1979); Kampff v. State, 371 So.2d 1007 (Fla. 1979). Therefore, we disapprove finding this factor in aggravation.
It is so ordered.
OVERTON, McDONALD, EHRLICH, SHAW and BARKETT, JJ., concur.
BOYD, C.J., and ADKINS, J., dissent.