ON MOTION FOR REHEARING

WARNER, C.J.
On rehearing the appellant has cited several cases involving appeals from first degree murder convictions in which the death penalty was imposed. In such cases, one aggravating factor for the court to consider is whether the defendant “knowingly created a great risk of death to many persons.” § 921.141(5)(c), Fla.Stat. (1997). In Bello v. State, 547 So.2d 914, 917 (Fla.1989), the court held that this aggravating factor was not proven where the defendant’s acts created a high probability of death to at most only three people besides the victim. See also Lucas v. State, 490 So.2d 943, 946 (Fla.1986). In Bello, the court quoted with approval from Kampff v. State, 871 So.2d 1007, 1009-10 (Fla.1979) which stated “[t]he great risk of death to a small number of people would not establish this aggravating circumstance.” 547 So.2d at 917. On the other hand, this factor was proved in Johnson v. State, 696 So.2d 317, 325 (Fla.1997) where four people were in immediate danger.
In addition, the appellant also argues that a “great risk” has not been shown.'[1] However, section 921.0016(3)®, Florida Statutes (1997) requires a substantial risk as opposed to a “great” risk, which is required under section 921.141(5)(c). We conclude that a “great” risk is a higher burden to prove than a substantial risk. “Substantial” in connection with competent substantial evidence has been defined as follows:
“Substantial” requires that there be some (more than a mere iota or scintilla), real, material, pertinent, and relevant evidence (as distinguished from ethereal, metaphysical, speculative or mere theoretical evidence or hypothetical possibilities) having definite probative value (that is, “tending to prove”) as to each essential element of the offense charged.
Lonergan v. Estate of Budahazi, 669 So.2d 1062, 1064 (Fla. 5th DCA 1996)(quoting Dunn v. State, 454 So.2d 641, 649 n. 11 (Fla. 5th DCA 1984)). In a like manner, a substantial risk would involve a real a nd material risk, as opposed to a merely theoretical risk. Even with only one shot, the risk here was real and not merely theoretical.
Thus, we still conclude that the trial court did not err in finding the factor of substantial risk to many persons in this case where ten to fifteen persons were in the vicinity of the drive-by shooting, and three were within a few feet from the victim when he was shot. In addition, our holding is consistent with Webster v. State, 500 So.2d 285 (Fla. 1st DCA 1986).
*621 Drive-by shootings are an all too common occurrence, exposing many people to random acts of violence. It creates a substantial risk of harm to many persons in most instances, including the incident involved in this crime. We therefore deny the motion for rehearing.
KLEIN and TAYLOR, JJ., concur.

. Although the first sentence of the original opinion we referred to the "great” risk of death or serious injury, that reference was an error. Substantial risk is what is required by the statute.