901 So.2d 271 (2005)
Steven M. COOLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-0100.
District Court of Appeal of Florida, First District.
April 27, 2005.
*272 Appellant, pro se.
Charlie Crist, Attorney General; Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) in which he alleges that (1) the written judgment does not comport with the oral pronouncement of his sentence; (2) the controlling oral pronouncement of his sentence does not comport with the mandatory sentencing scheme in section 775.084(4)(b); and (3) the appellant may not be resentenced under the habitual felony offender statute because it would be a violation of double jeopardy. We affirm the summary denial of the appellant's second and third claims without comment. Because the appellant's first claim is facially sufficient and not refuted by record attachments, we reverse and remand for further proceedings.
On September 25, 2003, the appellant was adjudicated guilty of an unspecified second-degree felony and allegedly sentenced as a habitual violent felony offender to 30 years in prison with a minimum mandatory term of 30 years. The appellant alleges that the written judgment of 30 years in prison as a habitual violent felony offender with a minimum mandatory term of 30 years does not comport with the oral pronouncement of 30 years in prison without any such minimum mandatory term.
Generally, the oral pronouncement of sentence prevails over the written judgment. See Ashley v. State, 850 So.2d 1265, 1268 (Fla.2003). The instant appellant properly alleges that his written judgment does not comport with the oral pronouncement of his sentence and points to the place in the record that will demonstrate this fact. This facially sufficient claim is cognizable under rule 3.800(a). See Fitzpatrick v. State, 863 So.2d 462 (Fla. 1st DCA 2004). Thus, the trial court erred in denying the appellant's first claim without attaching record portions which conclusively refute the appellant's entitlement to relief. Id.
We accordingly reverse and remand for the trial court to either attach record portions conclusively refuting the appellant's entitlement to relief, or else strike the mandatory minimum term in conformance with the trial court's oral pronouncement of the appellant's sentence.
AFFIRMED in part, REVERSED in part and REMANDED for further proceedings.
DAVIS, LEWIS and POLSTON, JJ., concur.