976 So.2d 81 (2008)
Antonio MENENDEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-1750.
District Court of Appeal of Florida, Third District.
February 20, 2008.
*82 Antonio Menendez, in proper person.
Bill McCollum, Attorney General, and Douglas J. Glaid, Assistant Attorney General, for appellee.
Before COPE, GREEN, and RAMIREZ, JJ.
PER CURIAM.
Antonio Menendez appeals the trial court's order denying his motion to correct illegal sentence. We reverse the order because the trial court incorrectly ruled that the defendant is ineligible for parole, when in fact, he was eligible, as the State concedes.
By indictment, the defendant was charged in case no. 75-9339 with first-degree premeditated murder of a jewelry store owner and robbery of the store. Following the jury's verdicts of guilty, the trial court adjudicated the defendant guilty and sentenced him to life imprisonment for the robbery and to death for the murder "as authorized by Section 775.082(1) of the Florida Statutes." On appeal, the Florida Supreme Court affirmed the convictions of first-degree murder and robbery but vacated the sentence of death and remanded to the trial court for resentencing. Menendez v. State, 368 So.2d 1278 (Fla.1979). At resentencing, the trial court again imposed the death penalty. On appeal, the Florida Supreme Court again vacated the death sentence and remanded the case to the trial court with directions to sentence the defendant to life imprisonment without eligibility of parole for twenty-five years. Menendez v. State, 419 So.2d 312 (Fla. 1982). Subsequently, on December 28, 1982, the trial court sentenced the defendant to prison for a term of "natural life."
The defendant then filed the instant motion to correct illegal sentence pursuant to rule 3.800(a), Florida Rule of Criminal Procedure. He claims that his 1982 sentence for a term of natural life is illegal because it amounted to his being sentenced to life imprisonment without the possibility of parole after the completion of the twenty-five year minimum mandatory term. The trial court denied the defendant's motion in a three-page written order entered on June 7, 2007, and this appeal followed.
We reverse the order on appeal because the trial court incorrectly ruled that the defendant is ineligible for parole. The State concedes that the defendant's sentences are parole eligible. We thus reverse the order on appeal, remand the case to the trial court, and direct that the trial court amend count one to add the provision for the twenty-five year mandatory minimum without eligibility for parole, as mandated by the Florida Supreme Court in Menendez v. State, 419 So.2d 312 (Fla. 1982). The defendant need not be present for the correction of the sentencing order.
Reversed and remanded with instructions.