984 So.2d 587 (2008)
Robert W. NIELSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-3359.
District Court of Appeal of Florida, Second District.
June 6, 2008.
Rehearing Denied June 25, 2008.
*588 Brandon J. Rafool, Winter Haven, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Donna S. Koch, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Robert W. Nielson appeals the denial of his motion to correct illegal sentences, which he filed in circuit court case number 84-1200 in May 2007, pursuant to Florida Rule of Criminal Procedure 3.800(a). He alleges in his unsworn motion that the sentencing court orally imposed these sentences to run concurrently to earlier sentences he was serving and that the written sentences are illegal because they do not affirmatively indicate the sentences are to run concurrently. The Department of Corrections has calculated Mr. Nielson's sentences consecutively pursuant to section 921.16(1), Florida Statutes (1983), which provides that sentences of imprisonment for offenses not charged in the same information are served consecutively unless the trial court specifies otherwise. Neither Mr. Nielson nor the trial court has been able to obtain a transcript of the sentencing hearing, which occurred sixteen years ago in 1991. Mr. Nielson suggests that it is the court's responsibility to make a transcript available and that in the absence of such a transcript his sentences should run concurrently with the earlier cases. We disagree.
On the face of the record, the written sentences imposed in case number 84-1200 in 1991 are legal sentences. In the absence of a designation on the written sentence that the sentences are to be served concurrently with the other sentences, the Department of Corrections has properly obeyed section 921.16(1) and has calculated the sentences to be served consecutively. We conclude that this statute controls for purposes of rule 3.800(a) in this situation where nothing of record conflicts with the written sentence. In other words, we reject the proposition that a defendant can claim a sentence is illegal based on an alleged discrepancy between an oral pronouncement and a written sentence regarding whether the sentence is concurrent or consecutive to other sentences without a transcript of the sentencing hearing or other indisputable evidence of record to support the claim. Instead, in the absence of a transcript, such a claim *589 involves a factual dispute and thus must be made in a timely motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850.
Mr. Nielson was convicted of several different offenses for events occurring between 1979 and 1984. As a result of the convictions, sentences were imposed on four different occasions based on four separate informations. First, in 1980, he was sentenced to twenty-five years' imprisonment for robbery with a deadly weapon in circuit court case number 79-3899. Second, in circuit court case number 83-332, he was convicted of escape and sentenced to three years' imprisonment. Our record does not contain a copy of this sentence, but it would seem this sentence for escape was imposed to run consecutively to the earlier sentence. See § 944.40, Fla. Stat. (1981) (providing, "[t]he punishment of imprisonment [for escape] shall run consecutive to any former sentence imposed upon any prisoner"). Third, in early 1984 he committed an attempted bribery, escaped again, and was sentenced in circuit court case number 84-357 to a year of imprisonment for the attempted bribery and ten years' imprisonment for the escape. These sentences were imposed concurrent with one another and consecutive to any earlier active sentence. Finally, on March 28, 1984, he escaped again while also committing a kidnapping, leading to the disputed sentences in case number 84-1200.
Initially in case number 84-1200, Mr. Nielson received a sentence of thirty years' incarceration for the kidnapping, followed by fifteen years for the escape. The sentence for escape was also expressly imposed consecutive to all other active sentences. Thus, by late 1984, Mr. Nielson was serving consecutive, parole-eligible sentences totaling eighty-three years' imprisonment.
In 1990, Mr. Nielson successfully challenged his sentences in case number 84-357 because he had not been given the option to choose between guideline sentences or parole-eligible sentences under the earlier sentencing statutes. On September 26, 1990, the trial court resentenced Mr. Nielson, imposing the same terms of imprisonment but expressly indicating the sentences were parole-eligible sentences, not guidelines sentences. Mr. Nielson appealed these sentences, which were affirmed. See Nielson v. State, 595 So.2d 564 (Fla. 2d DCA 1992) (unpublished table decision).
In 1991, Mr. Nielson made a similar challenge to the sentences in case number 84-1200 and the trial court resentenced Mr. Nielson. Again, the trial court imposed the same terms of imprisonment that had been imposed at the original sentencing hearing, indicating the sentences were parole-eligible sentences rather than guidelines sentences. Although in 1984 the trial court had checked the provision expressly indicating that the sentences were to be served consecutively to any active sentence, in 1991 the resentencing court simply left this portion of the sentencing form blank. It does not appear that Mr. Nielson appealed these sentences.[1]
Mr. Nielson filed the motion that is the subject of this appeal in 2007, claiming that the trial court in 1991 orally imposed the sentences in case number 84-1200 to run concurrently with the earlier sentences. Mr. Nielson's unsworn motion actually *590 appears to quote the trial judge: "The composite term of all sentences imposed for the counts specified in the [re]sentence order shall run concurrent with any active sentences being served." The postconviction court denied the rule 3.800(a) motion. In the order denying the motion, the court explained that no transcript existed in the court record and that after sixteen years the court had been unable to discover any indication that the resentencing hearing had been transcribed or could now be transcribed. In the absence of a transcript, the postconviction court was unwilling to consider this claim under rule 3.800(a).
Mr. Nielson has forcefully argued that the trial court, as a court of record, bears the responsibility of making a transcript available so a defendant can meet his or her burden of showing an error on the face of the record. He has cited several cases that may support this proposition.[2] None of these cases, however, involve an old sentencing hearing where a transcript could not be obtained. In this case, Mr. Nielson is represented by able counsel who has admitted that he unsuccessfully attempted to either obtain an existing transcript or to have a court reporter transcribe the court reporter's notes from the resentencing hearing.
As a general rule, sentencing issues that are addressed under rule 3.800(a) after the expiration of the period to consider issues under rule 3.850 must involve matters that render the sentence "illegal." These issues are generally restricted to matters that can be established from the record without the need for any significant evidentiary proceedings. The proceedings contemplated by rule 3.800(a) are not intended to resolve disputed factual conflicts between witnesses or within documents. See Blocker v. State, 968 So.2d 686, 687 (Fla. 2d DCA 2007). Thus, Mr. Nielson's recollection of events at the resentencing hearing, whether unsworn in the motion or under oath at an evidentiary hearing, are not legally sufficient to create a claim that his written sentence is illegal.
The outcome in this case depends to a large degree upon whether the government, either the circuit court or state court, has the burden to produce a transcript for these purposes. We conclude that neither the circuit court nor the State has an obligation to affirmatively create new record documents not previously existing in the court's records to disprove the allegations within a motion to correct illegal sentence under rule 3.800(a). Instead, such a motion should be denied because it is legally insufficient to establish that the sentence is illegal after review of the existing record.
When the box on the standard sentencing form addressing the issue of whether the sentence is concurrent or consecutive to any active sentence being served is not marked, section 921.16(1) essentially provides a default rule of law that the new sentence will be served consecutively to the active sentence. Thus, on the face of the trial court's record, the two sentences totaling forty-five years that were imposed in case number 84-1200 must be served consecutively to the sentences imposed in the earlier cases. Notably, because one of those sentences was imposed for escape, that result is also consistent with section 944.40. We therefore affirm the order denying *591 the motion to correct illegal sentence.
Affirmed.
SALCINES and VILLANTI, JJ., Concur.
NOTES
[1] Mr. Nielson filed a prior motion for postconviction relief addressing the 1991 sentences in case number 84-1200. It was denied by the trial court, and that ruling was affirmed by this court. See Nielson v. State, 974 So.2d 396 (Fla. 2d DCA 2005) (case numbers 2D04-4372 and 2D04-4414).
[2] See Williams v. State, 957 So.2d 600 (Fla. 2007); Pepitone v. State, 846 So.2d 640 (Fla. 2d DCA 2003); Jones v. State, 780 So.2d 218 (Fla. 2d DCA 2001); Byers v. State, 916 So.2d 923, 924 (Fla. 1st DCA 2005); Murnahan v. State, 916 So.2d 35 (Fla. 1st DCA 2005); Cooley v. State, 901 So.2d 271 (Fla. 1st DCA 2005); Fitzpatrick v. State, 863 So.2d 462 (Fla. 1st DCA 2004); Wyche v. State, 624 So.2d 830, 832 (Fla. 1st DCA 1993).