PER CURIAM.
 

 The defendant, Stephen Herrington, appeals an order denying his Rule 3.800(a) motion to correct sentence. This case involved a plea bargain as to multiple counts. Herrington was sentenced in accordance with a second written judgment entered at the time of sentencing, rather than in accordance with a prior judgment which found him guilty of a lesser included offense. His sentence would be illegal if the first judgment were controlling. However, we find that a factual dispute exists which cannot be resolved by a Rule 3.800 motion. Thus, we affirm.
 

 In this case the defendant was charged by Information with Counts I, III and V, Burglary (Dwelling), Counts II and VI, Petit Theft and Count IV, Grand Theft. A plea conference was held on December 23, 1991, as to this and nine other cases. There is a transcript of this plea conference contained in the summary record as an attachment to both Exhibit J and Exhibit L to the state’s response. At the beginning of the plea conference the trial judge indicates that, as he understands it, “you intend to plead guilty as charged in each and every one of these matters.” Nobody disputed this characterization on the record. However, the court also references a plea sheet signed by the defendant. The signed plea sheet indicates that
 
 *107
 
 the defendant was pleading guilty only to the “lesser” charge of Burglary Conveyance as to count III. A “Judgment” dated December 27, 1991 reflects that the defendant was convicted as to count III of “burglary (conveyance),” a third degree felony.
 

 On April 17, 1992, the defendant was adjudicated a habitual felony offender and sentenced to 30 years imprisonment as to Count I. For unexplained reasons a new “Judgment” was also entered on April 17, 1992, listing all the same convictions, except this time finding the defendant guilty of “Burglary Dwelling” as to Count III, a second degree felony. We have no transcript of this sentencing hearing.
 

 The “Judgment, Sentence and Order Placing Defendant on Community Control II During Portion of Sentence” dated June 29,1992 describes the offenses in Counts I, III and V, as Burglary (Dwelling). As to Count III, the defendant was sentenced to Community Control II for a period of one year, followed by 29 years probation. This sentence was consecutive to the 30 years of imprisonment for Count I.
 

 On February 9, 2007, the defendant filed the current motion to correct sentence, arguing that the sentence as to count III exceeded the ten-year statutory maximum for burglary (conveyance). The state responded, arguing that the written records were conflicting and that no transcripts still exist, so that relief should be denied. The trial court denied the motion.
 

 Before the trial court, the state relied on
 
 Nielson v. State,
 
 984 So.2d 587, 590 (Fla. 2d DCA 2008). That case involved a 3.800 motion which alleged that the face of a sentence was inconsistent with the trial court’s oral pronouncement, but the transcript of the sentencing proceeding could not be obtained. The second district stated:
 

 As a general rule, sentencing issues that are addressed under rule 3.800(a) after the expiration of the period to consider issues under rule 3.850 must involve matters that render the sentence “illegal.” These issues are generally restricted to matters that can be established from the record without the need for any significant evidentiary proceedings. The proceedings contemplated by Rule 3.800(a) are not intended to resolve disputed factual conflicts between witnesses or within documents.
 

 Id.
 
 The current defendant is relying on the written judgment entered closest in time to his guilty plea and the plea sheet discussed at that hearing. However, we have no transcript of the sentencing hearing at which the second judgment was entered, and even as to the change of plea hearing there was a factual conflict between the indication in the record that the defendant was pleading to the various counts as charged and the reference to the plea sheet, which showed only the lesser offense. Thus, the state is right that a factual dispute exists which cannot be resolved in a 3.800 motion.
 

 The defendant argues that the second judgment violated his double jeopardy rights, but we find no authority that jeopardy attaches in a plea situation prior to sentencing.
 

 Affirmed.
 

 GROSS, C.J., FARMER and MAY, JJ„ concur.