MORRIS, Judge.
 

 Randolph Smith appeals the dismissal of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for further proceedings.
 

 
 *1260
 
 In his motion, Smith raised five claims of ineffective assistance of counsel relating to his conviction for dealing in stolen property entered after a jury trial. The post-conviction court, citing
 
 Nielson v. State,
 
 984 So.2d 587 (Fla. 2d DCA 2008), dismissed Smith’s motion, stating “[a]s there is no trial transcript, it cannot be determined whether [his] claims have legal merit.” The postconviction court dismissed Smith’s motion without prejudice for him to refile his motion and to supplement the record with a trial transcript within sixty days.
 

 The postconviction court incorrectly relied on
 
 Nielson
 
 in dismissing Smith’s rule 3.850 motion.
 
 Nielson
 
 addressed the lack of a sentencing transcript in a rule 3.800(a) proceeding in which the defendant alleged that his sentences were illegal because the written sentences did not reflect the oral pronouncement of concurrent sentences.
 
 Id.
 
 This court noted that rule 3.800(a) is “generally restricted to matters that can be established from the record without the need for any significant evidentiary proceedings” and that rule 3.800(a) proceedings are not intended to resolve factual disputes. 984 So.2d at 590. This court held that the defendant’s claim was not cognizable under rule 3.800(a)
 

 without a transcript of the sentencing hearing or other indisputable evidence of record to support the claim. Instead, in the absence of a transcript, such a claim involves a factual dispute and thus must be made in a
 
 timely motion for postconviction relief pursuant to Florida Rule of Cnminal Procedure 3.850.
 

 984 So.2d at 588-89 (emphasis added).
 

 The application of
 
 Nielson
 
 is limited to rule 3.800(a) proceedings in which an essential transcript is absent from the record. The opinion specifically states that rule 3.850 is the proper vehicle in which to address factual disputes when an essential transcript does not exist. The language of rule 3.850 also supports the conclusion that an evidentiary hearing is appropriate when there is no record to refute a legally sufficient postconviction claim.
 
 See
 
 Fla. R.Crim. P. 3.850(d) (“If the motion, files, and records in the case conclusively show that the movant is entitled to no relief, the motion shall be denied without a hearing. In those instances when the denial is not predicated on the legal insufficiency of the motion on its face, a copy of that portion of the files and records that conclusively shows that the movant is entitled to no relief shall be attached to the order.”);
 
 see also Simon v. State,
 
 997 So.2d 490, 492 (Fla. 4th DCA 2008) (“A defendant’s factual allegations in a rule 3.850 motion must be accepted as true to the extent they are not conclusively refuted by the record. If a claim sufficiently establishes a prima fa-cie basis for relief and is not refuted by records, the court should hold an eviden-tiary hearing to resolve any disputed factual matters.” (citations omitted)).
 

 Accordingly, we reverse the postconviction court’s order and remand for reconsideration of Smith’s rule 3.850 motion consistent with this opinion.
 

 WHATLEY and CRENSHAW, JJ., Concur.