ALTENBERND, Judge.
 

 Levi Robinson appeals an order denying his motion to correct illegal sentences. Although the error involved in this case is unlikely to have any practical prejudicial effect on Mr. Robinson, we are constrained to reverse the order and remand for resen-tencing in one of his cases.
 

 Mr. Robinson is serving two concurrent terms of imprisonment that are both ten years and fourteen days in length. In case number CRC07-09276CFANO, the term was imposed for a lewd and lascivious battery, a second-degree felony. In case number CRC07-14490CFANO, the term was imposed for felony driving with a revoked license, a third-degree felony.
 

 
 *960
 
 In his motion, Mr. Robinson primarily argues that while his offense of driving with a revoked license was treated as a habitual driving offense for purposes of section 322.34, Florida Statutes (2007), he was not orally pronounced a habitual offender for purposes of section 775.084(4)(a), Florida Statutes (2007). The trial court denied this motion, explaining that Mr. Robinson had not filed a direct appeal when he was sentenced in 2009 and, thus, there was no transcript of his plea or sentencing hearing in the trial court record. Without the transcripts, there was nothing on the face of the record to establish that his written conviction and sentence, as a habitual offender, for the offense of habitual driving with a revoked license was illegal. The trial court relied on this court’s decision in
 
 Nielson v. State,
 
 984 So.2d 587 (Fla. 2d DCA 2008), and the Third District’s decision in
 
 Lopez v. State,
 
 2 So.3d 1057 (Fla. 3d DCA 2009), which hold that it is the obligation of the defendant to obtain and file a transcript to support such a claim when the transcript is not in the record. The trial court denied this claim without prejudice to an amended motion that attaches the transcript.
 

 We affirm the trial court as to this issue with some hesitancy. Now that such transcripts are typically obtained from digital recordings that are deemed to be the property of the chief judge of the circuit,
 
 see
 
 Fla. R. of Jud. Admin. 2.535(d), the policy of forcing the defendant to obtain the transcript from the court may be penny-wise and pound foolish. It will clearly encourage defendants to file unnecessary direct appeals in order to have more complete trial court records for postconviction purposes. We do not, however, see this concern as a matter that we can correct in this case.
 

 On the other hand, even if the trial court is correct in ruling that Mr. Robinson was sentenced for habitual driving with a revoked license as a habitual offender, the maximum term of imprisonment for that offense was ten years. On its face, the sentence that the trial court imposed is illegal by fourteen days.
 

 Accordingly, we reverse the order on appeal and remand for further proceedings consistent with this opinion.
 

 Affirmed in part, reversed in part, and remanded.
 

 KELLY and WALLACE, JJ., Concur.