ROTHENBERG, J.
The defendant, Alberto Gomez, appeals the trial court’s order denying his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm.
The defendant was tried and convicted on March 4, 1982, for several counts of armed robbery and one count of first degree murder. Since the defendant’s convictions and sentences were affirmed on appeal, he has filed numerous motions and petitions seeking postconviction relief. In fact, he has previously raised the same grounds he has raised in his current motion. Although the defendant concedes that he has previously and unsuccessfully raised the same grounds as he raises in his current motion, he contends that no court has decided his claim on the merits. Although we conclude that the defendant’s motion is procedurally barred by the law of the case doctrine, we briefly address the merits and affirm.
The defendant contends his sentence is illegal because the written sentence does not conform to the trial court’s oral pronouncement. Specifically, the defendant claims that when orally pronouncing his sentence for first degree murder, the trial court stated that he would be eligible for parole after he served twenty-five years, but that the written sentencing order did not reflect his parole eligibility.
Although such a claim is cognizable under rule 3.800(a) if the sentencing error may be resolved as a matter of law by merely examining the face of the record, see Williams v. State, 957 So.2d 600, 603-04 (Fla.2007), the defendant has not provided us with a record to review. “[A] defendant [may not] claim a sentence is illegal based on an alleged discrepancy between an oral pronouncement and a written sentence ... without a transcript of the sentencing hearing or other indisputable evidence of record to support the claim.” Lopez v. State, 2 So.3d 1057, 1059 (Fla. 3d DCA 2009) (alterations in original) (quoting Nielson v. State, 984 So.2d 587, 588 (Fla. 2d DCA 2008)). Because the defendant has failed to attach a transcript of the sentencing hearing or other irrefutable evidence to support his claim, his motion was legally insufficient, and it was therefore properly denied by the trial court.
However, we note that the defendant’s life sentence imposed as to count nine of the indictment for first degree murder under section 775.082(1), Florida Statutes (1981), provides that a person convicted of a capital felony shall be punished by life imprisonment and shall be required to serve no less than twenty-five years before becoming eligible for parole. This statute has been interpreted to necessarily confer parole eligibility after twenty-five years even without such pronouncement in the final sentencing order. See Menendez v. State, 976 So.2d 81, 82 (Fla. 3d DCA 2008). Thus, whether or not the sentencing order contains language reflecting the eligibility for parole after serving twenty-five years is immaterial to the legality of the sentence, as the statute is self-executing. See Jenkins v. State, 556 So.2d 427, 428 (Fla. 4th DCA 1989) (holding that the failure to include the twenty-five year mandatory minimum language is not fatal to implementation of section 775.082(1), as the statute is self-executing).
*1039 Additionally, we note that the Florida Department of Corrections has fully recognized and applied section 775.082(1), and has included the twenty-five year minimum mandatory provision for the defendant’s first degree murder conviction in its commitment documents. Although the defendant has served the twenty-five year minimum mandatory sentence for his first degree murder conviction, he has not served the three consecutive three-year minimum mandatory sentences imposed on his three armed robbery convictions. He, therefore, remains ineligible for consideration for parole at this time.
Because the defendant’s sentence is not illegal and the defendant is not presently parole eligible, the Florida Department of Corrections is not illegally holding the defendant, and the trial court did not err by denying the defendant’s postconviction motion. We also remind the defendant that when he becomes eligible for parole, it will still be within the Florida Parole Commission’s discretion whether to grant the defendant parole. Such release is not mandatory.
Affirmed.