# Third District Court of Appeal

## State of Florida

Opinion filed May 2, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-13
Lower Tribunal No. 11-5978

_____

**Dennis Gilman,**

Appellant,

vs.

**The State of Florida,**

Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Yvonne Colodny, Judge.

Carlos J. Martinez, Public Defender, and James Odell, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.

Before LAGOA, EMAS and SCALES, JJ.

*ON MOTION FOR REHEARING*

SCALES, J.

Upon consideration of the State's motion for rehearing, we grant rehearing, withdraw our previous opinion and substitute the following in its place.

Dennis Gilman appeals an order denying his Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence. Because Gilman did not affirmatively demonstrate entitlement to relief on the face of the record, we affirm. Gomez v. State, 137 So. 3d 1037, 1038 (Fla. 3d DCA 2014).

On March 28, 2012, in case number F11-5978, Gilman pled guilty to one count of attempted sexual battery on a child less than twelve by an adult and one count of armed kidnapping of a child under thirteen years of age with a sexual battery. Gilman committed the offenses on April 1, 1989. Pursuant to the parties' Probation Plea Agreement, in exchange for his plea, Gilman agreed to be sentenced to thirty years in prison with all credit for time served, followed by ten years of reporting probation. Gilman also agreed to be sentenced as a habitual felony offender pursuant to section 775.084 of the Florida Statutes.

The trial court accepted Gilman's plea and sentenced him pursuant to the Probation Plea Agreement. The trial court designated Gilman a habitual felony offender under section 775.084 by relying upon Gilman's prior felony convictions for burglary of a structure (case number F78-17842) and grand theft (case number F79-9766), and upon case number F87-38796, wherein Gilman entered a plea of nolo contendere to cocaine possession.[1]

On August 24, 2016, Gilman filed the instant rule 3.800(a) motion, claiming that he was improperly designated a habitual felony offender. Specifically, Gilman argued that case number F87-38796 could not be used as a predicate for habitualization under section 775.084 because: (i) he had been placed on probation

[1] Gilman was properly designated a habitual felony offender if, in case number F87-38796, either: (i) Gilman was convicted of cocaine possession; or (ii) Gilman was placed on probation without an adjudication of guilt for cocaine possession, and Gilman was still on probation in that case when, on April 1, 1989, he committed the offenses charged in case number F11-5978. This is because the applicable version of the habitual felony offender statute provides, in pertinent part:

> (1) As used in this act:
>     (a) "Habitual felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
>     1. The defendant has previously been convicted of two or more felonies in this state;
>     2. The felony for which the defendant is to be sentenced was committed within 5 years of the conviction of the last prior felony or other qualified offense of which he was convicted . . . . ;
>     3. The defendant has not received any pardon for any felony or other qualified offense that is necessary for the operation of this section; and
>     4. A conviction of a felony or other qualified offense necessary to the operation of this section has not been set aside in any post-conviction proceeding.
>
>     . . . .
>
> (2) For the purposes of this section, the placing of a person on probation without an adjudication of guilt shall be treated as a prior conviction if the subsequent offense for which he is to be sentenced was committed during such probationary period.

§ 775.084(1)(a), (2), Fla. Stat. (1988).

3

with adjudication of guilt withheld in case number F87-38796; and (ii) he was no longer on probation in case number F87-38796 when, on April 1, 1989, he committed the offenses charged in case number F11-5978. The State responded to Gilman's motion, claiming that Gilman had been convicted of cocaine possession in case number F87-38976.

Because there is a discrepancy in the record as to whether Gilman had been convicted, or adjudication of guilt had been withheld, in case number F87-38796, and because a transcript of the sentencing hearing in case number F87-38796 had not been provided below, the trial court denied Gilman's motion without prejudice because Gilman had failed to demonstrate entitlement to relief on the face of the record. Finding no error, we affirm.[2,3] See Gomez, 137 So. 3d at 1038 ("Although such a claim is cognizable under rule 3.800(a) if the sentencing error may be resolved as a matter of law by merely examining the face of the record, the defendant has not provided us with a record to review. . . . Because the defendant has failed to attach a transcript of the sentencing hearing or other irrefutable

---

[2] We affirm without further discussion of the second claim raised by Gilman.

[3] Our affirmance is without prejudice to Gilman filing a proper post-conviction motion below seeking any relief to which he may demonstrate entitlement. At the Public Defender's request, we direct the trial court to appoint the counsel who represented Gilman in the instant appeal to represent Gilman in the preparation of any such motion.

evidence to support his claim, his motion was legally insufficient, and it was therefore properly denied by the trial court.") (citation omitted).

Affirmed.