LAMBERT, J.
In July 1989, seventeen-year-old Rodney Mallory Honor was adjudicated guilty of first-degree murder and sentenced to serve life in prison with a minimum mandatory provision of twenty-five years. Twenty-nine years later, Honor filed the present motion for correction of his sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Relying primarily upon Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), and Henry v. State , 175 So.3d 675 (Fla. 2015),[1] Honor essentially argued that he is entitled to be resentenced because the life sentence imposed when he was a juvenile, which does not provide either a review hearing or some other mechanism allowing him a meaningful opportunity to obtain early release from prison based upon demonstrated maturity and rehabilitation, is constitutionally infirm. The postconviction court, with citations to State v. Michel , 257 So.3d 3 (Fla. 2018), and Stallings v. State , 198 So.3d 1081 (Fla. 5th DCA 2016), summarily denied Honor's motion without further elaboration. We affirm and explain why, under the facts of this case, Honor is not entitled to relief.
In Miller , the United States Supreme Court determined that a sentence of life in prison without parole for a juvenile offender who was convicted of a homicide constitutes cruel and unusual punishment under the Eighth Amendment of the United States Constitution. 567 U.S. at 465, 132 S.Ct. 2455. Subsequently, in Horsley v. State , 160 So.3d 393, 408 (Fla. 2015), the Florida Supreme Court held that all juvenile homicide offenders whose sentences are unconstitutional under Miller are entitled to resentencing in conformance with Florida's then-recently-enacted juvenile sentencing laws in chapter 2014-220, Laws of Florida.[2] Among other things, these laws provide for judicial review hearings that could lead to early release from prison for juvenile offenders based upon their demonstrated maturity and rehabilitation.
Despite the apparent applicability of both Miller and Horsley to the instant written judgment and sentence imposing life in prison for a juvenile homicide offender, Honor is not entitled to resentencing. The Florida Supreme Court has recently determined that juvenile offenders sentenced to life in prison with the possibility of parole after twenty-five years are not entitled to resentencing under Florida's juvenile sentencing laws. See Michel , 257 So.3d at 4-5 (approving Stallings , 198 So.3d at 1082 and Williams v. State , 198 So.3d 1084 (Fla. 5th DCA 2016), to the *863 extent that they are consistent with this opinion). In Michel , the court specifically held that the juvenile offender's sentence in that case did not violate the Eighth Amendment of the United States Constitution as delineated by the United States Supreme Court in Miller , Graham v. Florida , 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), and Virginia v. LeBlanc , --- U.S. ----, 137 S.Ct. 1726, 198 L.Ed.2d 186 (2017), because it was not the equivalent of a life sentence without the possibility of parole. Id. at ----. The court further concluded that "Florida's statutorily required initial interview and subsequent reviews before the Florida Parole Commission include the type of individualized consideration discussed by the United States Supreme Court in Miller ." Id. at ----.
In 1988, when Honor committed the first-degree murder in this case, section 775.082(1), Florida Statutes (1987), provided only two possible penalties for this offense: death or life imprisonment with no possibility of parole for twenty-five years.[3] Admittedly, the written judgment and sentence entered in this case do not mention Honor's parole eligibility. However, this statute has been interpreted to necessarily confer parole eligibility after twenty-five years, even without such a pronouncement in the final sentencing order. See Gomez v. State , 137 So.3d 1037, 1038 (Fla. 3d DCA 2014) (citing Menendez v. State , 976 So.2d 81, 82 (Fla. 3d DCA 2008) ); accord Jensen v. State , 225 So.3d 348, 348 (Fla. 3d DCA 2017) ("[W]hether or not the sentencing order contains language reflecting the eligibility for parole after serving twenty-five years is immaterial to the legality of the sentencing, as the statute is self-executing." (alteration in original) (quoting Gomez , 137 So.3d at 1038 ) ).
Accordingly, because Honor was eligible for parole after twenty-five years when first sentenced, pursuant to Michel , he is not entitled to resentencing. We therefore affirm the order denying his motion for correction of sentence.
AFFIRMED.
ORFINGER and EISNAUGLE, JJ., concur.

Honor's reliance in his motion and brief on Henry is slightly misplaced because Henry pertained to juvenile nonhomicide offenders whose sentences violated the Eighth Amendment.

Presently codified at sections 775.082, 921.1401, and 921.1402, Florida Statutes (2018).

The statute was amended in 1994 so that a defendant convicted of first-degree murder is now ineligible for parole. See ch. 94-228, § 1, Laws of Fla.