DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

TRIXIE GEORGE,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2024-0384

_____

June 7, 2024

Appeal pursuant to Fla. R. App. P. 9.141(b)(2) from the Circuit Court for Hillsborough County; Nick Nazaretian, Judge.

PER CURIAM.

Trixie George appeals from the order denying her motion to correct sentence. For the reasons discussed below, we reverse and remand for further proceedings.

On September 28, 2023, the trial court revoked Ms. George's probation imposed in case number 2021-CF-5465 and case number 2021-CF-5467, and sentenced her to concurrent terms of 220 days in the county jail with the requirement that she enter and complete an in-house drug treatment program.

On January 1, 2024, Ms. George filed a motion "to correct sentence" in case number 2021-CF-5465. She cited no rule of procedure or other authority for filing her motion. Her motion alleged that the trial court had orally pronounced a sentence of 120 days in jail, but that her sentence was erroneously recorded as 220 days, theorizing that "[t]he records were entered into the computer incorrectly or the stenographer made a typo." She asked the postconviction court to review the recording of her sentencing hearing and to correct the error.

The postconviction court treated Ms. George's motion as filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The court correctly recognized that "[a]n orally pronounced sentence is controlling when it differs from the subsequently written sentencing order." *See Barnes v. State*, 977 So. 2d 801, 802 (Fla. 2d DCA 2008). However, the court dismissed Ms. George's motion[1] because she failed to support her claim with any record evidence, citing *Gomez v. State*, 137 So. 3d 1037, 1038 (Fla. 3d DCA 2014) ("[A] defendant [may not] claim a sentence is illegal based on an alleged discrepancy between an oral pronouncement and a written sentence . . . without a transcript of the sentencing hearing or other indisputable evidence of record to support the claim." (alterations in original) (quoting *Lopez v. State*, 2 So. 3d 1057, 1059 (Fla. 3d DCA 2009))).

Rule 3.800(a) states, "A court may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet, when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief . . . ." However, when a discrepancy between an oral pronouncement of

---

[1] The court dismissed the motion without prejudice to Ms. George's right to re-file the motion with a transcript of her sentencing hearing.

sentence and a written sentence is not apparent on the face of the record, a challenge is not cognizable in a motion brought pursuant to rule 3.800(a).  *See Nielson v. State*, 984 So. 2d 587, 590 (Fla. 2d DCA 2008) ("The proceedings contemplated by rule 3.800(a) are not intended to resolve disputed factual conflicts between witnesses <u>or within documents</u>." (emphasis added)).  "Instead . . . such a claim involves a factual dispute and thus must be made in a timely motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850."  *Id.* at 588-89.

Although her motion was facially insufficient,[2] Ms. George filed her motion within the time afforded by rule 3.850(b), and she pleaded a claim cognizable in a rule 3.850 motion.  Accordingly, we reverse the postconviction court's order and remand for the court to treat Ms. George's motion as filed under rule 3.850, and to enter a nonfinal, nonappealable order granting her sixty days to file an amended motion pursuant to rule 3.850(f)(2).

Reversed and remanded for further proceedings consistent with this opinion.

VILLANTI, KHOUZAM, and ROTHSTEIN-YOUAKIM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

---

[2] The motion was not under oath as required by rule 3.850(c) and lacked the certification required by rule 3.850(n)(2).

3